484 So.2d 850 (1986)
Mr. and Mrs. L. CAGE, Individually and on Behalf of Their Minor Child, G. Cage
v.
Roy C. WOOD, M.D.
No. 84 CA 1371.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*851 Kenneth L. Riche, Baton Rouge, for plaintiff-appellant Mr. & Mrs. L. Cage, individually and on behalf of their minor child, G. Cage.
Ronald L. Causey, Baton Rouge, for defendant-appellee, Roy C. Wood, M.D.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Plaintiffs appeal the trial court's dismissal of all claims arising out of an abortion performed by defendant, Dr. Roy C. Wood, on plaintiffs' minor child.
In early October, 1982, plaintiffs' sixteen-year-old daughter, G. Cage, determined that she might possibly be pregnant. After consulting with her cousin, she telephoned defendant's office for an appointment to confirm whether or not she was pregnant. Several days later, G. Cage had her pregnancy confirmed by defendant. On October 6, 1982, G. Cage returned to defendant's office to prepare for the pregnancy termination procedure. Concurrently, she furnished defendant with a document purporting to be her mother's written authorization for said abortion. The next day she returned and the pregnancy was terminated. G. Cage's recovery was within normal limits. Several weeks later, Mrs. Shirley Cage, G. Cage's mother, found several documents and pharmaceutical prescriptions furnished by defendant to G. Cage relative to the abortion. Thereafter, Mrs. Cage confirmed that the prescriptions furnished were customarily provided to abortion patients. When presented with this evidence, G. Cage admitted having had an abortion. This suit ensued.
Plaintiffs alleged that defendant's failure to secure a notarized parental-consent-to-abortion form deprived G. Cage of the ability to carry a child to normal delivery, deprived her of the joys of motherhood including giving birth and raising the child to a normal life expectancy. Furthermore, they contend it subjected her to the unpleasant experience of undergoing the pregnancy termination procedure ultimately resulting in her mental and physical suffering. Mr. and Mrs. Cage also asserted that they were deprived of a grandchild and thus denied the joys of grandparenthood.
After a bench trial, the trial court dismissed plaintiffs' claims individually and on behalf of their minor daughter, citing plaintiffs' failure to prove either defendant's negligence or that he committed a battery upon G. Cage.
Plaintiffs appeal, asserting that the trial court erred in:
1. ruling that the defendant had not committed a battery against the person of G. Cage,
2. ruling that even if the defendant had committed a battery against the person of G. Cage, that she had effectively consented to that battery, and
3. sustaining the motion to dismiss the claim of Mr. and Mrs. Cage.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Plaintiffs first assert that the trial court erred in finding that defendant had not committed a battery upon G. Cage. Secondly, they contend that it erred in concluding that G. Cage consented to such battery.
Battery is defined as any intentional or offensive touching of the person of another without the other's consent. A surgeon commits a battery on his patient when he undertakes a particular surgical procedure without the consent of the patient or an authorized person. An exception exists *852 hereto when an emergency requires immediate surgery for the preservation of life or health under circumstances when consent cannot be practicably obtained. Pizzalotto v. Wilson, 437 So.2d 859 (La.1983) and cases cited therein.
In the instant case, the record clearly indicates that a surgical procedure was performed by defendant upon G. Cage. Further, no evidence was adduced that this was an emergency situation. Accordingly, to address these assignments of error, we need only determine whether valid consent was given in this instance.
Under Louisiana's statutory scheme, no abortion shall be performed or induced without the informed, written consent of the pregnant woman, given freely and without coercion. LSA-R.S. 40:1299.35.6. Additionally, where the abortion is sought by one under the age of eighteen years, consent of the minor's mother, father, legal guardian, or tutor, evidenced by a notarized statement declaring that the affiant has been informed that the minor intends to seek an abortion and that the affiant consents to same, is required. Failure to have same prohibits the physician from performing the abortion. LSA-R.S. 40:1299.35.5 A.[1]
Rules for interpretating statutes such as in the instant case were addressed by this court in Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App.1st Cir.1984). Therein, we stated that:
The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker. (Citations omitted) 446 So.2d at 1360.
Reading these statutes in pari materia, it is obvious that where a minor seeks an abortion, the consent of both the minor and her mother, father, legal guardian, or tutor is required to have statutory consent. The absence of either precludes the presence of consent to the surgical procedure.
It is obvious to this Court that the legislature's intent in requiring notarized parental consent for a minor seeking an abortion is two-fold. First, the requirement insures that the minor will have the benefit of an adult's advice concerning all of the possible physical and psychological ramifications of subjecting oneself to an abortion. Secondly, the notarization requirement relieves the physician of insuring that the parental consent given is authentic and valid; authenticity of the signature, when notarized, being statutorily presumed.
Herein, the record indicates that while G. Cage gave her consent to the surgical procedure, her parent(s) did not. Defendant produced a note allegedly written and signed by G. Cage's mother giving her consent to the abortion. However, this note of consent was not notarized as required by statute. In fact, the record reflects that the note of consent was written and signed by G. Cage's cousin. Notarization of parental consent was intended to prevent exactly what occurred in the instant case, i.e., falsification of the parental consent resulting in this minor having an abortion without adult consultation and guidance. Moreover, it should be noted that defendant testified that abortions comprised 99-100% of his practice. As such, defendant should have been well versed in *853 the legal requirements of consent for minors seeking abortions.
Accordingly, we find that there was no statutory consent to the surgical procedure herein. LSA-R.S. 40:1299.35.5 A. As such, the trial court erred in concluding that consent was given to the surgical procedure. We find that defendant did in fact batter G. Cage.
In addressing the quantum of damage sustained, the record reflects that G. Cage paid $400.00 for the operation. While claiming to have suffered both physically and psychologically, her testimony reflects only minimal physical pain and psychological trauma. Based hereon, we find that an award of $3000.00 is appropriate.

ASSIGNMENT OF ERROR NO. 3
Mr. and Mrs. Cage assert that the trial court erred in dismissing their claim, contending that their claim is independent of their daughter's. Specifically, they asserted that due to the abortion, they were denied the right to grandparenthood. We find no law to support such recovery. This assignment of error is without merit.
Based upon the foregoing, judgment of the trial court is reversed insofar as it found defendant not liable for battery, and judgment is rendered in favor of plaintiff, G. Cage, in the sum of $3,400.00. That portion of the judgment dismissing Mr. and Mrs. Cage's claim is affirmed. Costs of this appeal are to be borne by the defendant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] We note that LSA-R.S. 40:1299.53(e) permits females, regardless of age or marital status, to consent to any surgical or medical treatment for herself in connection with pregnancy or childbirth. However, this statute is general in nature whereas LSA-R.S. 40:1299.35.6 and 40:1299.35.5 A specifically address the issues of consent in connection with abortion.