MICHAEL J. McNULTY, Jr., Judge Pro Tem.
This is a suit for hospitalization insurance benefits. Plaintiff began experiencing difficulties, later diagnosed as heart problems, in July of 1983 and was first treated therefor by her family physician, Dr. Bobby Deshotel, on July 29, 1983. Dr. Deshotel referred her to a specialist and she underwent open heart surgery at Methodist Hospital in Houston, Texas, in August of 1983. She was subsequently hospitalized at Savoy Hospital in Mamou, Louisiana on September 12th and November 22nd, 1983.
Plaintiff was solicited by a representative of the defendant and purchased two policies, one a “Hospital and Surgical Expense Policy” and the other an “Excess Major Medical Expense Policy”, both dated April 1, 1982. Defendant did not require and plaintiff did not undergo a physical examination prior to the issuance of the policies. Following her four hospitalizations, plaintiff submitted her bills to the defendant, who refused to pay, claiming that the cause of her hospitalizations was a pre-existing condition covered by an exclusion in the policies. Plaintiff subsequently retained counsel who was also unsuccessful in amicably obtaining payment of her claim under the policies, whereupon suit was filed.
Separate pages are attached to and made part of the policies, each of which reads as follows:
“PRE-EXISTING COVERAGE RIDER
Payments will be made for illnesses or conditions that occurred before the date of issue of this policy provided that treatment therefore and services in connection with pre-existing illnesses do not commence until twenty-four (24) months from the date of issue of this policy, subject to all the provisions of the contract.”
The two Louisiana doctors who treated Mrs. Richard testified by deposition. Dr. Bobby Deshotel, a general practitioner in Basile, Louisiana, had been plaintiff’s family physician for ten years prior to the onset of the hospitalizations for her heart condition. He first treated her for such problems on July 29, 1983. She had no prior heart complaints and the July 29th, 1983 incident was the first time that he treated her for any heart disorder. He reviewed his entire file on plaintiff and testified that she never exhibited any symptoms indicating that she had heart problems prior to July 29th, 1983. Dr. John R. Andrus, an internal medicine specialist, was consulted by Dr. Deshotel. He confirmed the heart condition. During Dr. Andrus’ original examination of the plaintiff on September 31st, 1983, the history he took indicated that Mrs. Richard told him, “... she ... *1170 had a vague chest discomfort for approximately one year.” His consultant’s report attached to his deposition, contains the following language: “This forty-three year old, white female has been having chest pains for the past year. This has really gotten worse in the past two weeks.” Dr. Andrus’ deposition discusses the longstanding chest discomfort of which Mrs. Richard complained. He characterized them as vague and non-specific and testified that any diagnosis made from those complaints alone would at best be speculative.
We concur in the trial court’s finding that the medical evidence clearly preponderates in favor of plaintiff. The burden of proving plaintiff’s heart condition existed prior to April 1, 1982 was on defendant. It has been held that the insurer bears the burden of proof that the illness which it contends is excluded from coverage due to a pre-existing condition in fact predated the effective date of the policy. Lake Charles Memorial Hospital v. Sinegal, 440 So.2d 1358 (La.App. 3rd Cir.1983), Cunniffe v. American Security Life Insurance Company, 165 So.2d 39 (La.App. 4th Cir.1964). We likewise concur in the trial court’s finding that “The defendant has failed to prove even a reasonable basis for denying the payment of plaintiff’s claims much less that it does not owe anything under its policies because of a pre-ex-isting condition.”.
As of the trial date defendant had made no payments whatsoever to the plaintiff as a result of her claims.
The testimony of defendant's representative, Beverly Duke, in effect substantiates all of plaintiff’s claims. Mrs. Duke testified at the trial on January 16th, 1985, that plaintiff’s claim had not been denied as of that date, and that the company was still investigating Dr. Andrus’ notation that plaintiff had experienced prior chest pains. We concur with the trial court’s finding that the defendant had absolutely no basis whatever for denying plaintiff’s claim. This makes their refusal to pay unwarranted and unreasonable.
Louisiana Revised Statutes 22:657 reads as follows:
“All claims arising under the terms of health and accident contracts issued in this State ... shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist ... Failure to comply with the provisions of this section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court ...”.
Plaintiff-Appellee’s interpretation of the policies is that $17,524.60 of the medical expenses were covered. Appellant, on the other hand, contends that the proper amount is $16,289.00. This variance arises from defendant-appellant’s application of the maximum benefits provision of the hospital and surgical expense policy which allows no more than $2,500.00 for any “sickness”. The pertinent part of the policy in question reads as follows:
“The Company will pay those expenses incurred by Covered Person which exceed the deductible amount stated in Policy Schedule during the period of hospital confinement for which daily hospital room and board benefits are payable under this policy, for anaesthetics, administration of anaesthetics, laboratory test, operating room, oxygen tent, dressings, drugs, blood transfusions, medicines and x-ray examinations, for which a charge is made by the hospital, provided, however, that the total amount payable for such charges for any one accident or sickness shall not exceed the maximum stated in the Policy Schedule.”
The maximum set out in the Schedule is $2,500.00 which was exceeded by plaintiff's *1171 various hospitalizations. Defendant argues that the hospitalizations were due to the same “sickness” and therefore a total of $2,500.00 was all that was payable under the terms of that provision of the policy. The policy defines “sickness” as “... illness or disease first manifested after the policy date and causing loss while this policy is in force with respect to the Covered Person.” The trial court found the language to be vague and ambiguous and also held that the defendant failed to prove that the hospitalizations were the result of one “sickness”. Where an insurer denies coverage based on a policy exclusion, it bears the burden of proving facts which place the claim within the exclusion. Mathews v. Louisiana Health Service & Indemnity Co., 471 So.2d 1199. (La.App. 3rd Cir.1985) Even if the provisions are not ambiguous, they are meaningless with regard to the facts of the case sub judice. We have carefully reviewed the record and cannot determine therefrom precisely what Mrs. Richard was hospitalized for except to glean that she was in Houston for open heart surgery and Dr. Andrus tells us in his deposition (Record, page 95), that he first saw her at Savoy Memorial Hospital on July 31, 1983 and that had been admitted for “evaluation of chest pains”. We do not know, nor can we determine from the record, what the other hospitalizations were for, or any precise diagnoses for her “sickness” in each of these hospitalizations. The record is absolutely devoid of any medical testimony in this regard. Defendant has therefore utterly failed to bear the burden of proving the exclusion.
In answer to this appeal, plaintiff-appel-lee has prayed for an additional $1,237.70 in attorney’s fees to cover counsel’s additional services required by this appeal. We find that request reasonable.
The judgment of the trial court is therefore amended to increase the amount of attorney’s fees by the sum of $1,237.70 and the judgment of the trial court, as amended, is affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.