509 So.2d 515 (1987)
Terry W. TOWNLEY, Plaintiff-Appellee,
v.
Michael MANUEL & Southern Security Life Ins. Co., Defendants-Appellants.
No. 86-479.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Dee D. Drell, of Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Alexandria, for defendants-appellants.
Ray Rush, Oakdale, for plaintiff-appellee.
Before FORET, DOUCET and KNOLL, JJ.
FORET, Judge.
This suit arises as a result of a one-vehicle accident which injured plaintiff, Terry W. Townley (Townley), a guest passenger. The driver of the vehicle, Michael Manuel, and his automobile insurer, Southern Security Life Insurance Company, were named defendants. Judgment was rendered in favor of Townley in the amount of $7,500. The trial court rejected the affirmative defenses of contributory negligence, comparative negligence, and assumption of the risk, which were urged by Southern Security. Southern Security appeals that judgment urging that the quantum awarded was excessive and that the affirmative defenses were improperly rejected.

*516 FACTS
The record contains many factual inconsistencies as a result of the contradictory testimony of plaintiff, Townley, and defendant, Manuel.
Keith Welch, who rescued both boys at the scene of the accident, testified that he saw the boys earlier in the day, on February 8, 1985, at approximately 12:30 P.M., at a school parking lot. He smelled alcohol on Manuel's breath. Sometime between 5 and 7 P.M. that afternoon (the exact time of accident is not certain), as Welch was traveling down Highway 165 North, he looked in his rearview mirror and saw defendant and plaintiff in a car overtaking him, traveling 75 to 80 miles per hour. Because of Manuel's excessive speed, he missed a curve; the vehicle went through a fence; the boys were thrown from the vehicle; the vehicle ruptured a gas line, hit a tree, and burst into flames. Immediately, Welch went to rescue Townley and Manuel away from the impending danger of the flames from the vehicle and gas fumes from the ruptured line.
Townley testified that he was with Manuel earlier in the day and then was dropped off at his apartment and picked up again at 5:00 or 5:30. The boys went to Ronnie's Package Liquor store before dropping Townley off at the apartment. Townley claims that Manuel purchased only a six-pack of beer, whereas Manuel claims he bought a twelve-pack of beer and a fifth of Seagram Seven liquor.
Townley states that he did not drink the day before the wreck and that he did not drink the day of the wreck. Townley further testified that he did not smell alcohol on Manuel's breath until immediately prior to the accident. When he did smell alcohol on Manuel's breath, he asked him how much he had imbibed, whereupon Manuel stated he had only a couple of beers. Townley claims that he asked Manuel to slow down immediately before the accident occurred.
Manuel testified that he and Townley were drinking for days before the wreck; that they had both been drinking whiskey and beer; and that he does not recall how much he had to drink the day of the accident. Manuel contends that he blacked out at 2:30 that afternoon and does not recall the events of that day from 2:30 P.M. until he awoke in the hospital.

WAS TOWNLEY GUILTY OF CONTRIBUTORY NEGLIGENCE AND/OR DID HE ASSUME THE RISK?
Southern Security alleges that the trial court erred in failing to find Townley guilty of contributory negligence and/or that he assumed the risk of injury because Townley knew or should have known of Manuel's intoxicated condition, and thus assumed the risk of injury by riding with him.
In Holmes v. State Through Dept. of Highways, 466 So.2d 811, 821 (La.App. 3 Cir.1985) and cases cited therein, we said:
"The law is well settled that a guest passenger riding with a driver who has been drinking excessively assumes the risk of injuries received in an accident caused in whole or in part by the driver's negligence, if the alcohol-induced impairment of the driver's ability is a substantial contributory cause of the driver's negligence and if the guest passenger knows or should have known of the driver's condition and nevertheless voluntarily rides with him. Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La. 1976); Marcotte v. Travelers Insurance Co., 258 La. 989, 249 So.2d 105 (1971); Jones v. Continental Casualty Co., 246 La. 921, 169 So.2d 50 (1964)."
When pleading contributory negligence or assumption of the risk, the defendant bears the burden of proving it. LSA-C.C.P. art. 1005. In the case at hand, Manuel readily admits he was intoxicated and that his intoxication was the cause of the accident. Therefore, it is incumbent upon him to prove that: (1) Townley knew or should have known of his (Manuel's) intoxicated condition; and (2) the conduct on Townley's part fell below the standard to which he should have conformed for his own protection, i.e., a reasonable man under like circumstances. Gravois v. Succ. of Trauth, *517 498 So.2d 140 (La.App. 5 Cir.1986), writ denied, 500 So.2d 422 (La.1987). The test for contributory negligence is whether the plaintiff acted as a reasonable man in riding with an intoxicated driver, Gravois v. Succ. of Trauth, id.
In Gravois, the 19-year-old plaintiff and the defendant were on their way to a movie. Prior to the show, they stopped at a local restaurant and bar near the theater. The boys had several drinks there, and eyewitnesses stated that the defendant's car was speeding down the highway until it collided head-on with a pickup truck. The plaintiff suffered amnesia because of the cerebral concussion he sustained in the accident. He claimed no recall of any details from the time he entered the bar (5:00 P.M.) until he awoke in the hospital two to three days later. The defendant was given a blood alcohol test during a routine autopsy, and his blood alcohol level was found to be .17 percent. The doctor performing the autopsy testified that the defendant, more likely than not, exhibited visible signs of intoxication. The plaintiff was found to be 40% at fault by a jury.
We quote, with approval, the following pertinent language from Gravois v. Succ. of Trauth, supra, at page 142:
"On appeal, plaintiff asserts that the jury erred in finding plaintiff 40% at fault. He argues that no evidence was presented to show that he knew of some hazard unknown to Trauth or that he had actual or constructive knowledge that Trauth was unfit to drive. Smith v. Marquette Casualty Co., 247 La. 1054, 176 So.2d 133 (1965); Sutton v. Langley, 330 So.2d 321 (La.App. 2d Cir.1976); Richards v. American Home Assurance Company, 241 So.2d 77 (La.App. 3d Cir. 1970).
As pointed out by plaintiff, the leading case involving guest passengers injured through the negligence of an intoxicated driver is Prestenbach v. Sentry Insurance Co., 340 So.2d 1331 (La.1976). Prestenbach requires defendant to prove that plaintiff knew or should have known of the risk involved. As pointed out by plaintiff, however, the holding is couched in terms of assumption of the risk, and the jury herein found that plaintiff did not assume the risk. Neither Prestenbach nor its progeny refers directly to the alternative defense of contributory/comparative negligence and its applicability in the event plaintiff is found not to have assumed the risk of injury. See Holmes v. State through Dept. of Highways, 466 So.2d 811 (La.App. 3d Cir. 1985); Case v. Arrow Trucking Co., 372 So.2d 670 (La.App. 1st Cir.1979).
As the Prestenbach court stated, assumption of risk requires a showing that the plaintiff knowingly and voluntarily assumed the risk of his injury. For purposes of assumption of the risk, "[k]nowledge is the mainstay of assumption of the risk defense and the court will impute knowledge to a plaintiff not because he was in a position to make certain observations, but only when plaintiff actually made those observations and should reasonably have known that a risk was involved. * * *" Bourgeois v. Jones, 481 So.2d 145, 151 (La.App. 5th Cir.1985). On the other hand contributory negligence is conduct on the plaintiff's part falling below the standard to which he should conform for his own protection, i.e. a reasonable man under like circumstances. Dorry v. Lafleur, 399 So.2d 559 (La.1981); Bourgeois v. Jones, supra.
Assumption of the risk and contributory/comparative negligence are well-established affirmative defenses to other automobile torts. Although we perceive a "gap" in the jurisprudence insofar as intoxicated drivers and their guest passengers are concerned, we think Prestenbach is reconcilable with the general automobile tort law. Were we to decide otherwise on the basis of the Prestenbach language, we would essentially be imposing a greater burden on defendants to extricate themselves from full or partial liability in cases of this kind than in other automobile accident cases. Thus, despite the seemingly restrictive holding in Prestenbach, we find that comparative negligence is applicable, with the test being whether plaintiff acted as a reasonable *518 man in riding with an intoxicated driver."
The court in Gravois held that the evidence was clear that the defendant was intoxicated to the extent that his driving skills were impaired and that defendant would more likely than not have exhibited signs of intoxication based on his blood alcohol level.
In the case at hand, the boys claim that each had little knowledge as to exactly how much the other had to drink. Townley claims Manuel did not appear intoxicated to him because he did not exhibit such overt manifestations of intoxication that would have placed a guest passenger on notice of his condition. Townley claims that his first inkling that Manuel was intoxicated was in the car just before the accident. Townley claims he "caught a whiff of alcohol on his breath."
According to his own testimony, Manuel was issued a DWI citation as a result of this accident. However, the record does not contain any evidence of his blood alcohol level, nor does it contain evidence of a pathologist's report indicating just how much Manuel may have had to drink on the day of the accident. Consequently, the quantity Manuel imbibed is uncertain; however, the fact that he was issued the DWI citation is a strong indication that, in the opinion of the police officers, Manuel was visibly intoxicated, a fact which should have been equally obvious to the plaintiff.
We find it difficult to believe that Townley could have remained in Manuel's company intermittently throughout the afternoon without being aware that his driving skills were dangerously altered. Furthermore, there is testimony in the record that at 12:30 P.M. that day Keith Welch could smell "booze" on Manuel's breath. Townley claims to have accompanied Manuel at this time. Welch further testified that Manuel was speeding and driving recklessly.
Consequently, we believe that Townley did not act as a reasonable man in riding with an intoxicated driver. After considering the conduct of the respective parties according to the guidelines in Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985), we conclude that Manuel was 60% at fault and Townley was 40% at fault.
Townley's conduct amounts to more than "simple inadvertence" and his conduct should not be ignored. Consequently, this is an appropriate case for the application of the rule of comparative fault within the purview of C.C. art. 2323. Accordingly, Townley's award for damages will be reduced by 40%.

QUANTUM
Defendant, Southern Security, alleges that the award to Townley is so excessive as to constitute an abuse of discretion. When reviewing a quantum award, the record must clearly reveal that the trier of fact abused its discretion in making the award. The test on review is whether the award can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the trier of fact. Malmay v. Sizemore, 474 So.2d 1358 (La.App. 2 Cir. 1985), writ granted, 477 So.2d 1115 (La. 1985), affirmed, 493 So.2d 620 (La.1986).
Unless the award is unsupported by the record, we may not modify it. Furthermore, we are limited to lowering an excessive award to the highest amount that the trial court could have reasonably awarded and then, only after a determination that the trier of fact abused its discretion, may we resort to prior awards to determine what would have been an appropriate award. Malmay v. Sizemore, supra.
The record reflects that this was a horrifying accident.[1] The vehicle left the highway, went through a fence, struck a gas line, hit a tree and, upon impact, burst into flames. Fortunately for the boys, they were thrown from the vehicle prior to its bursting into flames. Although there is no subjective testimony of mental anguish, we *519 can surmise from the record that Townley suffered considerably. He was hospitalized for one day, was bedridden for two weeks, and was seen by Dr. Mowad intermittently for seven months.
Townley contends he has been unable to play baseball as a result of his knee injuries. However, Manuel's mother, Mary Lou Greer, testified that she was at a baseball tournament after the accident occurred and saw Townley on the baseball field in uniform.[2]
Dr. Mowad testified that Townley has an unstable knee and that he sustained very painful injuries which would limit his activities somewhat. However, he could not say whether it was the accident or a baseball injury which contributed to his unstable knee.
We do not believe the award to Townley is so excessive as to constitute an abuse of discretion. Therefore, the award to Townley is affirmed; however, it will be decreased by 40%, the amount of fault apportioned to him.

DECREE
For the foregoing reasons, the judgment of the trial court in regard to fault is reversed, and judgment is rendered as follows: 60% fault to Michael Manuel and 40% fault to Terry W. Townley. The judgment of the trial court in regard to the amount of quantum is affirmed at $7,500. The amount awarded to plaintiff as a result of the reduction due to his percentage of fault is $4,500.
Costs are assessed one-half to plaintiff and one-half to defendant.
AFFIRMED IN PART, REVERSED IN PART & RENDERED.
NOTES
[1] Welch testified that he thought Townley was dead because he was "all cut up," covered with blood, and unconscious.
[2] There is no evidence in the record that Townley actually played a game of baseball.