526 So.2d 513 (1988)
Dallas Ray SCHEXNIDER, Plaintiff-Appellee,
v.
Louie McGUILL and Lafayette Insurance Company, Defendants-Appellants.
No. 87-258.
Court of Appeal of Louisiana, Third Circuit.
June 10, 1988.
*514 Morgan, McClain & Savoy, Robert E. Morgan, Lake Charles, for plaintiff-appellee.
Terry E. Johnson, Woodley, Barnett, etc., E.E. Woodley, Lake Charles, for defendants-appellants.
Before FORET, LABORDE, JJ., and REGGIE[*], J. Pro Tem.
REGGIE, Judge Pro Tem.
We are asked to decide in this appeal whether the lower court correctly concluded that defendant McGuill's punch to plaintiff's face was unintentional for purposes of determining the scope of the coverage of McGuill's Homeowner's Policy which he obtained from Lafayette Insurance Company. Based upon our review of the facts and relevant law in this area, we are of the opinion that the decision by the lower court was not clearly erroneous. We accordingly affirm.
FACTS
On November 30, 1984, Dallas Ray Schexnider (plaintiff) entered Brownie's Lounge in Iowa, Louisiana to meet Gail McGee, a Brownie's employee, to obtain a ride home. While plaintiff was waiting for Ms. McGee to get off of work, defendant Louie McGuill, a long time friend, entered Brownie's and sat down next to plaintiff at the bar.
During the course of conversation between the plaintiff and defendant McGuill about the possibility of going into business together, the defendant struck plaintiff with one quick jab to what he believed to be plaintiff's jaw. Plaintiff fell to the ground and suffered several broken bones in his cheek. He later was required to undergo surgery to correct the damage to his face and missed a considerable amount of time from work.
Plaintiff sued defendant McGuill and defendant's homeowner insurer, Lafayette Insurance Company (Insurance Company), seeking to recover damages for his injuries. The Insurance Company defended on the basis of an Intended Injury exclusion in McGuill's homeowner's policy.
At trial, the parties presented conflicting testimony regarding events leading up to the blow. Based upon his first-hand observation of the witnesses, the lower court resolved the conflict by concluding "[t]hat the blow was not for defensive purposes since no threatening gesture had been made by [P]laintiff and it is unreasonable to believe that the blow was without any reason whatsoever."
Nevertheless, the lower court appeared to give considerable weight to defendant McGuill's testimony (1) that he did not draw back his arm to swing at plaintiff; (2) that the blow resulted from his arm moving perhaps 12 inches; (3) that he believed immediately afterward that he had hit plaintiff on the jaw; and (4) that defendant's conduct after the incident did not signify an intention to cause plaintiff the injuries he suffered. The lower court thus concluded that the blow was unpremeditated and that "the injuries sustained by [P]laintiff were neither expected nor intended by McGuill. This [D]efendant acted reflexively and without a conscious or deliberate intent to strike a blow and without a belief that his uncontrolled reaction would cause injury."
Because defendant did not intend, nor expect, the massive injuries suffered by plaintiff, the lower court held that the Insurance Company's Intentional Injury Exclusion did not bar plaintiff's claim and that the defendants were liable in solido for the damages suffered by plaintiff. Defendant Insurance Company appeals from the judgment.
OPINION
The lower court's decision that the actions of defendant McGuill caused plaintiff's injury was not appealed by McGuill and therefore is not before us. The only *515 issue before us is whether the lower court correctly concluded that the injuries suffered by plaintiff were not the result of an intentional act by McGuill for purposes of the Intentional Acts Exclusion in defendant McGuill's homeowner's policy with defendant Insurance Company. If the exclusion does not apply to defendant McGuill's actions in this case, then defendant Insurance Company is liable with McGuill in solido for the injuries sustained by plaintiff.
The lower court had the opportunity to examine the witnesses and the evidence in this case first-hand and made its factual findings of McGuill's intent based upon such examination. The factual findings of the court are entitled to great deference and will only be overturned if they are clearly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Bertrand v. Aetna Casualty & Surety Company, 306 So.2d 343 (La.App. 3 Cir.1975), writ denied, 310 So.2d 641 (La.1975). We have carefully examined the record and find no clear error in the lower court's factual determinations.
We then turn to the lower court's conclusion that as a matter of law the Intentional Injury Exclusion in McGuill's policy does not exclude coverage for the injuries suffered by plaintiff in this case and that the Insurance Company thus is liable with McGuill in solido for damages suffered by plaintiff as a result of those injuries. Based upon our analysis of the relevant case law, we affirm the decision of the lower court.
There is a distinction in the law of this state between an intentional act and an intentional injury. In Rambin v. Wood, 355 So.2d 561 (La.App. 3 Cir.1978), this Court concluded that while the defendant intentionally pushed plaintiff while he was riding a tractor, causing plaintiff to fall, the injuries suffered by plaintiff were neither expected nor intended by the defendant. Thus, the intentional exclusion in the applicable insurance policy did not bar the claim.
Similarly, in Kling v. Collins, 407 So.2d 478 (La.App. 1 Cir.1981), our brethren in the First Circuit also drew such a distinction. The defendant in that case became involved in an argument in his home with the plaintiff and pushed the plaintiff out of the door. Plaintiff fell and suffered a wrist injury. The First Circuit affirmed the trial court's finding that the defendant intended to force the plaintiff to leave, but did not intend to injure her. The Kling court thus held that the exclusionary clause should apply only when the act is of such a nature that the injury must necessarily be expected.
Moreover, in Pique v. Saia, 450 So.2d 654 (La.1984), the Louisiana Supreme Court stated that an injury is intentional for purposes of denying coverage under a policy exclusion similar to the one in defendant McGuill's homeowner's policy "only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to the result." Pique, 450 So.2d at 655. See: W. Prosser, Law of Torts Section 8 (4th Ed.1971); Restatement (Second) of Torts, American Law Institute Section 8A (1965).
We do not disagree with the conclusions by the lower court in the instant case that the massive cheek-bone injuries sustained by plaintiff were not intended by defendant, who punched plaintiff with a short, unpremeditated jab to what he thought was his jaw. While we certainly do not condone defendant's actions and would have agreed with the lower court's decision were it before us on appeal that defendant McGuill is liable for plaintiff's injuries, we nevertheless believe that McGuill's actions were not of the intentional sort that are intended to be excluded by his homeowner's policy.
This is not a case, such as Guilbeau v. Roger, 443 So.2d 773 (La.App. 3 Cir.1983), writ denied 446 So.2d 1224 (La.1984), where the defendant hit plaintiff a second and more forceful time and we found that she intended seriously to injure plaintiff. Nor is this a case like Hebert v. Burton, 432 So.2d 1109 (La.App. 3 Cir.1983), where the trial judge determined as a factual matter, and this Court affirmed, that the defendant *516 made a totally unprovoked attack on plaintiff such that any reasonable person would expect to cause substantial injury.
This is a case involving two friends, where one punched the other, perhaps after a verbal insult, and the scope of the injury to plaintiff far exceeded what any reasonable person would expect from a jab intended for the jaw. As the lower court held, perhaps "plaintiff moved as the blow was being delivered...." We may never know. But what was adduced at trial, and what we do not disturb here on appeal, is the lower court's finding that defendant McGuill "acted reflexively and without a conscious or deliberate intent to strike a blow and without a belief that his uncontrolled action would cause injury."
For the reasons assigned, the judgment of the trial court is affirmed at defendants-appellants' costs.
AFFIRMED.
FORET, Judge, dissenting.
I have great difficulty, and in fact cannot agree that McGuill's act was unintentional. I believe that when McGuill punched Schexnider in the face, he intended to inflict pain and injury. Otherwise, why would he strike him? McGuill did not strike the plaintiff in self-defense; there is no particular allegation that plaintiff provoked McGuill, other than the testimony that plaintiff spit on McGuill, which apparently the trial court chose to disbelieve. If the trial court had believed that Schexnider had spit on McGuill, that may have been more of a reason to hold the way it did. In fact, the record shows that McGuill indicated to the barmaid, just before he struck plaintiff, that he was about to teach Schexnider a lesson. I believe that the cases cited by the majority to sustain the position do not go quite as far as what we're doing here. Indeed, if we sustain this trial court judgment, I can't conceive of what set of facts could constitute an intentional act such as to fall within the exclusionary clause of an insurance policy.
Here, the defendant set out to strike the plaintiff in the face, and he did so with such violent force as to fracture several bones in plaintiff's face and knock him off the bar stool onto the floor, unconscious. Even after the incident, his comments to the barmaid, and possibly others, certainly indicate that McGuill was in a violent frame of mind when he struck the plaintiff and even thereafter.
The majority apparently feels that the recent Supreme Court case of Caudle v. Betts, 512 So.2d 389 (La.1987), the latest expression by the Louisiana Supreme Court on intentional torts, is not applicable to the case at bar. Perhaps it isn't, because in Caudle the issue of intentional tort was raised in the context of a worker's compensation related scenario, whereas the issue in this case is intentional tort definition under the exclusionary clause of the defendant's homeowners liability insurance policy. But, considering the letter and spirit of Caudle, I simply cannot distinguish the two cases. I believe that the rationale of Caudle does apply in the instant case. The defendant intended to strike, did strike the plaintiff, and did intend to cause the plaintiff to suffer such a contact, which clearly was a battery. There is no question that the touching was offensive to the plaintiff. At page 392, Caudle states: "The defendant's liability for the resulting harm extends, as in most other cases of intentional torts, to consequences which the defendant did not intend, and could not reasonably have foreseen,...." (Citations omitted.)
I think the rationale of Caudle fits this case like the proverbial glove. The defendant committed an intentional tort, a battery upon the plaintiff, causing damage, and he is responsible for the damage caused even if it could not have reasonably been foreseen. Therefore, the intentional tort exclusionary clause in defendant's insurance policy definitely is applicable.
I respectfully dissent.
NOTES
[*] Judge Edmund M. Reggie, Retired, participated in this decision as Judge Pro Tempore by appointment of the Louisiana Supreme Court.