542 So.2d 1118 (1989)
Margaret KERSH, Wife of/and Douglas KERSH, Individually and on Behalf of Their Minor Daughter, Tristan Kersh
v.
Anthony HEFFNER.
No. 88-CA-802.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1989.
Garland R. Rolling, Metairie, Laurie E. Rolling, Harvey, for plaintiffs/appellants.
Thomas E. Loehn, Thomas W. Lewis, Boggs, Loehn & Rodrigue, New Orleans, for defendant/appellee.
Before GAUDIN, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
This appeal is from summary judgment dismissing the plaintiff's claim against the alleged tortfeasor's insurer, on grounds of lack of coverage for an intentional injury.
The following facts were revealed in depositions of the alleged victim and the aggressor. The plaintiffs are Douglas Kersh, his wife Margaret, individually and on behalf of their minor daughter, Tristan. (Hereafter plaintiff will be referred to as "Kersh".) In the evening of March 7, 1986 Douglas Kersh went to his street corner to send some young people away because they were noisy and making obscene comments. Anthony Heffner sought out Kersh after his fifteen-year-old son told him Kersh had slapped him.
A fight started between the two men, but no blows made contact because, as *1119 Heffner said, "He [Kersh] was too little and too fast." The two men proceeded to Kersh's front porch, still punching at each other, with Kersh walking backward. At some point thereafter, Kersh fell into a stack of bicycles, allegedly thrown there bodily by Heffner, and sustained a separated shoulder that required surgery.
On January 22, 1987 Kersh filed suit against Heffner and his homeowner's liability insurer, America First. The insurer denied coverage on grounds of intentional tort, after which Heffner filed a third party demand against the insurer alleging his entitlement to coverage and a defense. The insurance policy is included in the record and states:
This policy does not apply:
1. Under coverage Epersonal liability and Coverage Fmedical payments to others: ...f. To bodily injury or property damage which is either expected or intended from the standpoint of the insured.
After discovery was completed America First moved for summary judgment against Kersh and Heffner. On August 1, 1988 judgment was signed in favor of America First, dismissing the claims of Kersh and third party plaintiff Heffner. Kersh has appealed, but Heffner has neither appealed nor answered the appeal.
The issues raised by the appellant are (1) whether the trial court was correct in finding that there was no issue of material fact as to the intent of Anthony Heffner in inflicting bodily harm; and (2) whether the policy's exclusionary clause is ambiguous and should have been construed in favor of the insured.
The courts have considered the criteria for an intentional tort in two contexts: suits in which an injured worker seeks a remedy in tort against his employer or co-employee in order to circumvent the statutory "exclusiveness of rights and remedies" provision; and suits against private individuals and their homeowner's liability insurers or liability insurers of businesses.
The definition in Bazley v. Tortorich, 397 So.2d 475 (La.1981) is quoted in both types of decisions, although Bazley is an employee versus employer suit. The definition is summarized in Pique v. Saia, 450 So.2d 654, 655 (La.1984), a suit against a homeowners' liability carrier, as follows:
An injury is intentional, i.e., the product of an intentional act, only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to the result. Bazley v. Tortorich, 397 So.2d 475 (La.1981); W. Prosser, Law of Torts Sec. 8 (4th ed. 1971); Restatement (Second) of Torts, American Law Institute Sec. 8A (1965).
In Pique v. Saia, a man under arrest moved forcefully out from a fence outside his father's home, to which a police officer was attempting to handcuff him, causing three officers to fall to the pavement. An officer sued the arestee and the homeowner's insurer. The court concluded that the act was non-intentional because the defendant intended no harm to the plaintiff and "did not desire or know to a substantial certainty that his particular act of pushing away from the fence would result in injury to the plaintiff...." Apparently the Court's concern was whether or not the resulting harm was intended or predictable.
The most recent Supreme Court case on intentional torts is Caudle v. Betts, 512 So.2d 389 (La.1987), an employee/employer suit. In Caudle, the Court cited Bazley v. Tortorich, supra, but then examined the general precepts of tort law relative to the specific tort alleged, a battery. An employer had injured seriously an employee while engaging in a practical joke. The Court summarized the relative principles as follows, at 391:
A harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, is a battery. Cage v. Wood, 484 So.2d 850 (La.App. 1st Cir.1986); Ross v. Sheriff of Lafourche Parish, 479 So.2d 506 (La.App. 1st Cir.1985); Vascocu v. Singletary, 404 So.2d 301 (La.App. 3d Cir.1981); Ashland Oil, Inc. v. Miller *1120 Oil Purchasing Co., 678 F.2d 1293 (5th Cir.1982); Restatement (Second) of Torts, American Law Institute Sec. 13 (1965); F. Stone, Louisiana Civil Law Treatise, Tort Doctrine Sec. 124-130 (1977); W. Prosser and W. Keeton, The Law of Torts, Sec. 9 (5th ed. 1984); F. Harper and F. James, The Law of Torts, Sec. 3.1-3.3 (2nd ed. 1986). The intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent. Karl J. Pizzalotto, M.D., Ltd. v. Wilson, 437 So.2d 859 (La.1983); Coppage v. Gamble, 324 So.2d 21 (La.App. 2d Cir.1975); F. Stone, Louisiana Civil Law Treatise. Tort Doctrine, Sec. 125-127 (1977); F. Harper and F. James, The Law of Torts, Sec. 3.3 (2nd ed. 1986).
In the Caudle case, the trial court had dismissed the plaintiff's suit in tort on grounds that an intentional tort had not been committed because no injury was intended and the plaintiff's remedy lay exclusively in worker's compensation; the court of appeal affirmed. The Supreme Court reversed, holding that a battery had been committed:
[The defendant] ... "intended the contact to be offensive and at least slightly painful or harmful. The fact that he did so as a practical joke and did not intend to inflict actual damage does not render him immune from liability...." Caudle v. Betts, supra, 392. [Emphasis supplied.]
As the reasoning of Pique and Betts is diametrically opposite, it is apparent that the Court applies different criteria for "intentional tort" in the worker's compensation statute, LSA-R.S. 23:1032, and in the exclusionary clause of a homeowner's policy. In the compensation statute intentional tort means the performance of an intended act, here a battery, whether harm was intended or not, while in the insurance policy injury "which is either expected or intended from the standpoint of the insured" means that the result must have been intended.
In all likelihood, a desire to aid the innocent victim has influenced this distinction. A worker who is able to sue in tort is unrestricted as to the maximum reimbursement for his injuries; consequently, it is to his advantage for the court to find an intentional tort. The opposite result occurs in the case of a plaintiff against an insured defendant, where the application of the exclusionary clause may limit his recovery to a tortfeasor whose pocket is less deep than the insurer's.
The above discussion leads us to accept the appellant's argument that Caudle v. Betts, supra, cited by the appellee, does not apply to the facts of this case. The appellant relies upon Schexnider v. McGuill, 526 So.2d 513 (La.App. 3rd Cir. 1988), writ denied 532 So.2d 116 (La.1988), in which the court, after a trial, determined that massive cheekbone injuries suffered by a man whose companion suddenly punched him were not intentional and the homeowner's insurance applied.
The facts of the Schexnider case are distinguishable from those in our case, as Kersh's and Heffner's depositions are in agreement that there was not one punch but a continuing struggle that took place for a number of minutes. Heffner was angry because Kersh had slapped his son. Heffner continued to punch at Kersh (but did not hit him) while Kersh walked backward into his own yard and up to his front door. When asked if he intended to hit Kersh, Heffner said:
"I didn't want to hurt the guy. I wasn't intent on hurting the guy."
In response to the question, "And did you know that if you struck him with your fist you might hurt him" he first said, "That was a possibility," but qualified it by saying, "I don't recall now, to be honest with you." Heffner's recital of what happened on the porch is rather vague, but he denied causing Kersh to fall into the bicycles. Kersh stated that Heffner came inside his front door and pulled his arm so hard that he came flying across the porch into the bicycles, then continued to beat him. Kersh attributed his separated shoulder to the fall.
*1121 The facts appear from the depositions to be more nearly similar to those in Barras v. Benoit, 509 So.2d 668 (La.App. 3rd Cir. 1987), in which the court granted summary judgment in favor of the insurer. In holding that the defendant intended to injure the plaintiff, the Barras court gave particular weight to his having pursued the plaintiff who had shown an unambiguous intent to retreat. Here, Heffner admits to having pursued Kersh to his own front door. We conclude that, although some details of the altercation are unclear, the depositions clearly show that Heffner intended to inflict bodily harm upon Kersh; he committed an intentional tort, for which his insurance specifically excluded coverage.
For the foregoing reasons, we affirm the summary judgment in favor of America First Insurance Company, dismissing all claims against that defendant.
AFFIRMED.