594 So.2d 981 (1992)
GREAT AMERICAN INSURANCE COMPANY, Plaintiff-Appellee,
v.
Willard GASPARD, et al., Defendants-Appellants.
No. 89-1297.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Writ Granted May 8, 1992.
Provosty, Sadler, deLaunay, Ronald J. Fiorenza, Wm. deLaunay, Alexandria, for plaintiff-appellee J. Ingram.
Antoon & Dalrymple, Joseph Dalrymple, Alexandria, for plaintiff-appellee M. Ingram.
*982 Gist, Methvin, Hughes & Munsterman, David Hughes, Alexandria, for plaintiff-appellant Great American.
Cook, Yancey, King & Galloway, John D. Collinsworth, Shreveport, for plaintiff-appellant State Farm.
Bolen, Erwin, Johnson & Coleman, L. Gay Coleman, Alexandria, for plaintiff-appellee Hanover.
Lunn, Irion, Johnson, Salley & Carlisle, Brian Coody, Shreveport, for defendant-appellee Gaspard.
Lefant & Associates, Stephen M. DuValle, New Orleans, for defendant-appellee Standard.
Before STOKER, DOUCET and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether the trial court was correct in finding that the plaintiffs could not be denied insurance coverage for their damages under an intentional act exclusion contained in the insured's policy and whether judgments awarded to two of the plaintiffs should be modified.
This is a consolidated action for recovery of damages sustained by various plaintiffs as a result of a fire in a building at the Ingram Shopping Center in Tioga, Louisiana, on November 21, 1986. As a consequence of the fire, five separate lawsuits were filed which were consolidated for trial purposes. The parties in the five actions consisted of the following:
Number 89-1297, Great American Insurance Company v. Willard Gaspard, Linda Desselle, and State Farm Fire & Casualty Company.
In this case, Great American Insurance Company, who provided insurance coverage to Family Shoe Store, a tenant in the shopping center, sued Willard Gaspard (hereinafter Gaspard) and Linda Desselle (hereinafter Desselle), as the owners of Linda's Fashions/Kelly's Fashions (hereinafter Kelly's Fashions), the store where the fire started, and their insurer, State Farm Fire and Casualty Company (hereinafter State Farm). This action was voluntarily dismissed prior to trial and is therefore not involved in this appeal.
Number 89-1298 and Number 90-865, Hanover Insurance Company v. Willard Gaspard, Linda Desselle, State Farm Fire & Casualty Company, Skip Converse and Skip Converse, Inc.
Hanover Insurance Company (hereinafter Hanover), who provided insurance coverage to Joseph and Karen Ingram, d/b/a Ingram's Supermarket, a tenant in the shopping center, filed suit against Gaspard, Desselle, State Farm, Skip Converse, the contractor who built the fire partition in the shopping center, and his corporation, Skip Converse, Inc. (hereinafter Converse), to recover amounts it had paid to its insured, Joseph and Karen Ingram, d/b/a Ingram's Supermarket, for damages sustained in the fire.
Number 89-1299, Joseph B. Ingram and Karen Ingram, d/b/a Ingram's Supermarket v. Hanover Insurance Company, Skip Converse, Inc., American Alliance Insurance Company, and Willard Gaspard.
Joseph Ingram and his wife, Karen, d/b/a Ingram's Supermarket (hereinafter the Ingrams), operated a supermarket as a tenant in the shopping center. This is an action by the Ingrams to recover amounts not paid by their insurer, Hanover, and for damages from the other defendants, Gaspard, Converse, and its insurer, American Alliance Insurance Company (hereinafter American Alliance), which were not covered under the Ingrams' insurance policy with their insurer, Hanover.
Number 89-1300, The Standard Fire Insurance Company, Aetna Casualty & Surety Company, and Nichol's Dry Goods of Tioga, Inc. v. Willard Gaspard, Linda Desselle, State Farm Mutual Automobile Insurance Company, Joe Ingram, Hanover Insurance Company, Skip Converse, Inc., The Great American Insurance Company, Murray Ingram, and Cigna Insurance Company.
The Standard Fire Insurance Company (hereinafter Standard) and Aetna Casualty & Surety Company (hereinafter Aetna) provided *983 insurance to Nichol's Dry Goods of Tioga, Inc. (hereinafter Nichol's), a tenant in the shopping center, and filed suit against defendants for damages sustained as a result of the fire. Murray Ingram was named as a defendant as the owner of Ingram's Shopping Center and Cigna Insurance Company was alleged to provide insurance coverage to Murray Ingram. As a result of its payment to Murray Ingram, and subrogation to his claim, the Insurance Company of North America, the actual insurer of Murray Ingram, filed a cross-claim in this action against Skip Converse, Inc., its liability insurer, American Alliance Insurance Company (hereinafter American Alliance), and State Farm, as the insurer of Gaspard and Desselle.
Number 89-1301, Murray J. Ingram v. Insurance Company of North America.
Murray Ingram, as the owner of Ingram's Shopping Center, filed suit against his own insurer, the Insurance Company of North America, for damages he sustained to Ingram's Shopping Center as a result of the fire.
These actions were consolidated for all purposes in the trial court and remained consolidated on appeal. As the various appeals involve the same facts and law, our opinion here will be applicable but we will render separate judgments in each of the consolidated cases.
Prior to the trial, all demands asserted by the various parties against Linda Desselle were dismissed without prejudice.
These consolidated actions were tried on June 27, 28, and 29, 1989. The trial judge rendered oral reasons for judgment on June 29, 1989, written reasons for judgment on July 24, 1989, and August 2, 1989, and formal written judgments were signed on August 15, 1989, August 23, 1989, and May 3, 1990.
The trial judge rendered judgment in favor of Murray Ingram and against Skip Converse, Inc. and American Alliance for $30,183.00, together with legal interest from date of judicial demand until paid. Skip Converse, Inc. and American Alliance were cast for all costs of the proceedings.
The trial judge also rendered judgment in favor of Joseph Ingram and Karen Ingram, and against Hanover in the amount of $188,969.24, together with legal interest from date of judicial demand until paid. The trial judge further found that Hanover acted arbitrarily and capriciously in failing to timely pay the amount due and, therefore, cast them in judgment, under La.R.S. 22:658, for an additional 10% of said amount as a penalty and for attorney's fees in the amount of $10,000.00, together with legal interest from date of judicial demand until paid. The trial judge further ordered that Hanover pay the Ingrams $5,537.00 for restart expenses together with legal interest from date of judicial demand, until paid. The trial judge also rendered judgment in favor of Joseph Ingram and Karen Ingram and against Skip Converse, Inc., American Alliance and State Farm jointly, severally, and in solido, for the sum of $225,584.00, together with legal interest from date of judicial demand, until paid.
The trial judge further awarded expert witness fees, dismissed the claims against Gaspard, and taxed all costs against Hanover, State Farm and American Alliance, with each to pay one-third of the court costs. The trial judge also rendered judgment in favor of Hanover and against Skip Converse, Inc. and State Farm jointly and in solido in the full sum of $323,200.99, together with legal interest from date of judicial demand until paid and all costs of the proceeding.
The trial judge found in favor of Insurance Company of North America and Murray Ingram, d/b/a Ingram's Shopping Center, and against Standard, dismissing Standard's demands against Insurance Company of North America and Murray Ingram. The trial judge also rendered judgment in favor of Standard against American Alliance, Skip Converse, Inc., and State Farm in the amount of $57,353.71 together with legal interest from date of judicial demand, until paid. Judgment was also rendered in favor of Insurance Company of North America against American Alliance, Skip Converse, Inc. and State Farm in the amount of $221,887.54, together with legal *984 interest from date of judicial demand, until paid.
Judgment was also rendered in favor of Insurance Company of North America against State Farm for $49,665.00, together with legal interest from date of judicial demand, until paid.
American Alliance and Skip Converse, Inc. appealed the trial court judgment. However, prior to our review of this appeal, Skip Converse, Inc. and American Alliance settled all claims against them with Standard, Hanover, Joseph and Karen Ingram, Insurance Company of North America, and Murray Ingram.
Joseph and Karen Ingram answered the appeal filed by Skip Converse, Inc. and American Alliance and seek an increase in the judgment awarded to them. Hanover answered the appeal filed by Skip Converse, Inc. and seeks an increase in the judgment awarded to it by the trial judge. We amend and affirm the trial court judgment.

FACTS
These consolidated actions arise from a fire at Ingram Shopping Center in Tioga, Louisiana on November 21, 1986. The Ingram Shopping Center was a one-story building containing several retail spaces. Nichol's, Ingram's Supermarket, Kelly's Fashions, and the Family Shoe Store, who were tenants in Ingram's Shopping Center, all sustained damage as a result of the fire. Nichol's was located on the northern-most end of the shopping center, and next to Nichol's was Ingram's Supermarket. Kelly's Fashions was located adjacent to the supermarket and the Family Shoe Store was adjacent to Kelly's Fashions. All the tenants leased their space from Murray Ingram, the owner of the shopping center.
The parties stipulated that the fire originated in the portion of the shopping center occupied by Kelly's Fashions and that the fire was intentionally set by the pouring of gasoline in that section of the building.
Mr. Robert Taylor, Chief of the Alpine Fire Department, was accepted as an expert in fire fighting by the trial court and he testified that, if the fire was started with gasoline, it would spread to other parts of the building very quickly. The fire was also investigated by Mr. Donald Zwick of Zwick & Associates of Atlanta, Georgia. Mr. Zwick was qualified and accepted by the Court as an expert in the determination of the cause and origin of fires. Mr. Zwick testified that he concluded as a result of his examination of the fire scene that the fire was intentionally set and accelerated through the use of gasoline.
Willard Gaspard and Linda Desselle were the owners of Kelly's Fashions. State Farm determined that its insured, Gaspard, was responsible for the fire. The trial judge concluded that the fire was deliberately set by Gaspard.
State Farm appeals the trial court judgment contending that the trial judge erred in holding that the policy of insurance issued by State Farm provided coverage for the damages sued upon by the various parties in these consolidated actions even though the fire resulted from an intentional act by Gaspard, one of the insureds under State Farm's policy.
Skip Converse, Inc. and its insurer, American Alliance Insurance Company, appeal the trial court judgment awarding judgments in favor of various parties against them.
Joseph and Karen Ingram answered the appeal lodged by Skip Converse, Inc. and American Alliance and seek an increase in the amount of damages awarded. Hanover also answered the appeal filed by Skip Converse, Inc. and American Alliance contending that the judgment awarded by the trial court did not include $90,969.24 paid by Hanover to its insured for employee payroll expenses incurred as a result of the fire.
We amend and affirm the trial court judgment.

LAW
State Farm contends that the trial court erred in holding that the parties could not be denied insurance coverage for their damages under an intentional act exclusion *985 contained in its policy insuring Kelly's Fashions. State Farm argues that the fire resulted from an intentional act of one of its insureds, Gaspard, one of the owners of Kelly's Fashions, and, therefore, coverage should be denied under the intentional act exclusion in the insurance policy.
State Farm's insurance policy provided coverage to Kelly's Fashions, a business which was owned by Gaspard and Desselle. The insurance policy provided liability coverage for damages for which the insured was responsible which were caused by an occurrence to which the insurance applied.
The term "occurrence" is defined in the insurance policy as follows:
"Occurrence means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured..."
Thus, the question to be decided is whether the damage to the shopping center and its contents was expected or intended from the standpoint of the insured, Gaspard. In the present case, the trial judge ruled that Gaspard's act of setting the fire in Kelly's Fashions was intentional, but that injury was not intended by Gaspard to the owner and tenants of Ingram's Shopping Center.
In Pique v. SAIA, 450 So.2d 654 (La. 1984), the Supreme Court stated:
"An injury is intentional, i.e., the product of an intentional act, only when the person who acts either consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to the result. Bazley v. Tortorich, 397 So.2d 475 (La.1981); W. Prosser, Law of Torts § 8 (4th ed. 1971); Restatement (Second) of Torts, American Law Institute § 8A (1965). Cf. Jacobsen v. Southeast Distributors, Inc., 413 So.2d 995 (La.App. 4th Cir.1982); Eitmann v. West, 411 So.2d 1127 (La.App. 4th Cir.1982)." Pique v. SAIA, 450 So.2d 654, at pages 655 and 656 (La.1984).
See also, Menard v. Zeno, 558 So.2d 744 (La.App. 3 Cir.1990), writ den., 561 So.2d 121 (La.1990).
The Supreme Court further stated in Breland v. Schilling, 550 So.2d 609 (La.1989), that the purpose of the intentional injury exclusion is to restrict liability insurance coverage by denying coverage to an insured in circumstances where the insured acts deliberately, intends or expects bodily injury and property damage to result. However, the court stated that the purpose of liability insurance is to afford the insured protection from damage claims. Policies should be construed to effect, not deny, coverage. Breland, supra; Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081, 1090 (La.1983). An exclusion from coverage should be narrowly construed. Snell v. Stein, 261 La. 358, 259 So.2d 876 (La.1972); Breland, supra. When an insurer denies coverage based on a policy exclusion, the insurer bears the burden of proving facts which place the claim within the exclusion. Richard v. Old Southern Life Ins. Co., 502 So.2d 1168 (La.App. 3 Cir.1987).
The clause in the insurance policy "expected or intended from the standpoint of the insured" means that the result must have been intended. Kersh v. Heffner, 542 So.2d 1118 (La.App. 5 Cir.1989). Thus, when an act is intentional, but the injury is not, the exclusionary clause is not applicable. Barton v. Allstate Ins. Co., 527 So.2d 524 (La.App. 3 Cir.1988), writ den., 532 So.2d 157 (La.1988); Sabri v. State Farm Fire and Casualty Co., 488 So.2d 362 (La. App. 3 Cir.1986), writ not considered, 493 So.2d 630 (La.1986).
There is no evidence in the record proving that the fire was started with intent to injure a third party. The trial judge stated in his oral reasons for judgment:
"In this case the Court finds that Mr. Gaspard's intention was only to destroy his own merchandise, and he did not intend to destroy any surrounding buildings or property. There is no rational basis to belief [sic] that he intended to do anything other than destroy his own merchandise. There is no reason to believe *986 that Mr. Gaspard intended to destroy the entire shopping center. There would be no basis at all for him to reason in that manner."
An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Since we find no evidence in the records before us that the fire was set by Gaspard with the intent to injure or harm the entire shopping center, we do not find that the trial judge was manifestly in error or was clearly wrong in determining that State Farm is liable for the damages caused by the actions of its insured, Gaspard.
Thus, we find this assignment to be without merit.
Joseph and Karen Ingram answered the appeal filed by Skip Converse, Inc. and American Alliance seeking an increase in the judgment awarded by the trial court. Joseph and Karen Ingram ask the court to increase the amount of damages awarded to them from $225,584.00 to $348,584.00. The Ingrams argue in support of their claim for loss of future profits that plaintiffs introduced the deposition of Don Lenz, the director of Retail Operations for Associated Grocers, who testified that any store which has been shut down will incur a period of non-profitability when it reopens, that Ingram's Supermarket will lose $25,000.00 to $30,000.00 during the first three months of its reopening, and that the supermarket will not show a profit for at least nine months.
An award for damages cannot be overturned on appeal absent clear abuse of discretion. Townley v. Manuel, 509 So.2d 515 (La.App. 3 Cir.1987). After a review of all the evidence in the record, we do not find that the trier of fact abused his discretion in awarding damages to the Ingrams. Thus, we affirm the trial court's award of damages to Joseph and Karen Ingram.
Hanover answered the appeal filed by Skip Converse, Inc. seeking reimbursement for $90,969.24 paid to Joseph Ingram for payroll expenses as a result of the fire. Hanover argues that the judgment rendered by the trial court against Skip Converse, Inc. and State Farm for the amount of $323,200.99 did not include the $90,969.24 paid to the Ingrams for payroll expenses incurred. Hanover claims that prior to trial it paid the Ingrams $219,663.99 for contents coverage, lost profits, and continuing expenses. The trial court awarded the sum of $188,969.24 in favor of Joseph and Karen Ingram against Hanover together with the additional sum of $5,537.00 as restart expenses. The total of these two figures is $194,506.24. Thus, Hanover argues that the amount it was awarded in its subrogation claim did not include the $90,969.24 in payroll expenses which was awarded the Ingrams by the trial court.
The amount awarded to Hanover in its subrogation claim, and the amount Hanover paid to the Ingrams does differ by $90,969.24. Hanover paid $219,663.99 to Joseph and Karen Ingram prior to trial for claims on their insurance policy and was found to owe an additional $194,506.24 ($188,969.24 plus $5,537.00) to the Ingrams for a total of $414,170.23. However, Hanover only received judgment for $323,200.99 on its subrogation claim against Skip Converse, Inc. and State Farm.
Therefore, we find that the trial court did err in its award to Hanover, and we amend the trial court judgment and increase Hanover's award by $90,969.24 for a total amount awarded to Hanover of $414,170.23 against Skip Converse, Inc. and State Farm, jointly and in solido.
For the foregoing reasons, the judgment of the trial court is amended to increase the judgment awarded to Hanover against Skip Converse, Inc. and State Farm by $90,969.24 and, as amended, is affirmed. All costs of this appeal are taxed one-half to Skip Converse, Inc. and one-half to State Farm.
AMENDED AND AFFIRMED.