173 So.2d 880 (1965)
William P. HARRIGAN, Sr.
v.
Peter ROSICH, Jr.
No. 1801.
Court of Appeal of Louisiana, Fourth Circuit.
April 5, 1965.
John J. Dolan, New Orleans, for plaintiff-appellant.
Occhipinti, Occhipinti, Casano & Kunz, E. A. Kunz, New Orleans, for defendant-appellee.
Before REGAN, YARRUT and CHASEZ, JJ.
*881 YARRUT, Judge.
This appeal was taken by the widow and heirs of William F. Harrigan, Sr., Plaintiff, following his death (not due to his eye injury) after the trial and judgment in the district court in his favor for $500, plus interest, costs and $100 medical expert's fee. Appellees pray for an increase to $10,000, the original amount sought by Plaintiff. Defendant answered the appeal for a complete reversal, or a reduction to $250. Reference to Plaintiff herein will be to the original Plaintiff, William P. Harrigan, Sr.
Plaintiff brought suit to recover the damages claimed, alleging that, without cause or provocation, Defendant physically assaulted him as an aggressor and, while doing so, injured his left eye, causing him to lose the complete sight thereof. At that time, Plaintiff was 81 years of age; Defendant, 49. Defendant filed a general denial.
The evidence is conflicting as to whether Defendant actually struck Plaintiff, particularly his eye. Some witnesses testified they saw Defendant repeatedly strike Plaintiff in the stomach, but none saw any blood over his eye.
Defendant testified he was operating an automobile repair shop next to Plaintiff's residence; that Plaintiff was continually annoying him, threatening to report him, which so angered him that he went to Plaintiff and warned him to stay away and not annoy him anymore; that he did not strike Plaintiff, but merely nudged and pushed him with his finger, with the warning "go home old man, go home" or words to that effect.
The district judge did not give any detailed analysis; merely stated that he believed two of the witnesses who testified that Defendant did strike Plaintiff. We are certain the district judge did not conclude that Defendant struck Plaintiff in his left eye thereby causing total blindness, as his award of $500 would be inadequate.
The only medical testimony is that of the doctor who appeared for Plaintiff. He testified that Plaintiff called to see him three days after the alleged occurrence; that he examined his left eye, and while there was no outward evidence of trauma or bleeding, he did discover massive bleeding below the detached retina. When asked if such massive bleeding and detachment of the retina could result from causes other than a blow or trauma, he testified:
"A A detached retina can appear spontaneously for no reason whatever. Yesterday I saw what was suspected to be a detached retina. The doctor asked me on this trip to Florida would I check him. I was one of the doctors that examined the boy en route. He was struck by a B-B. There are many things that will cause a detached retina, but I should emphasize that this was a presumptive diagnosis that the vitreous was completely filled with blood and I couldn't see into it and Mr. Harrigan couldn't see out of it. But the fact that his visual acuity depreciated from hand movement to no light as a result of either the direct injury by the assailant's finger or as a result of the contraction of the clot."
* * * * * *
"Q But it is possible that the retina could have been detached before the alleged accident?
"A Either one of us might have one.
"Q I could have one?
"A Yes.
"Q And you could have one?
"A Yes."
The Defendant denied he struck Plaintiff; that he would not have been so foolish as to strike him in the eye or with *882 any force, as he was young and vigorous, while Plaintiff was an old man. Since Plaintiff (age 81) walked away without any difficulty and had not complained at that time, we can not see how the damage to his eye resulted from any blow dealt by Defendant.
However, since the Defendant did push the Plaintiff with his finger to force him away, which was an unnecessary and unprovoked assault, the judgment of $500 is ample and is affirmed; Defendant to pay all costs in the lower court and the parties to pay their costs in this court.
Judgment affirmed.