DOMENGEAUX, Judge.
This is a suit brought in tort by a former employee against his employer. The plaintiff, Ruben Caudle, alleged that the defendant, Peter Betts, touched the back of plaintiffs head and neck with a charged automobile condenser[1] which resulted in injuries to the plaintiff’s occipital nerve. The trial court held that defendant’s act was not intentional under La.R.S. 23:1032 and, thus, dismissed plaintiff’s suit stating that his only remedy was for worker’s compensation benefits. From the trial court’s judgment of dismissal, the plaintiff appeals.
La.R.S. 23:1032, as amended by Act 147 of 1976, provides, in pertinent part:
“ ‘The rights and remedies herein granted to an employee ... on account of an injury ..., shall be exclusive of all other rights and remedies ... against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal ...
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.” (Emphasis supplied).
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Supreme Court defined “intentional act” within the context of La.R.S. 23:1032. Under the court’s definition, “... a defendant [must have] either desired to bring about the physical results of his act or believed that they were substantially certain to follow from what he did.” Id.
Applying the statute as interpreted in Bazley to the facts of this case, we hold that defendant’s shocking of plaintiff with a charged automobile condenser was not an “intentional act” as contemplated by La. R.S. 23:1032. The testimony at trial indicates that, prior to the plaintiff’s mishap, the defendant went to the service area of his automobile dealership and one of the mechanics tossed an automobile condenser to him which caused him to experience an electrical shock. Apparently finding the above to be amusing, the defendant thereafter had the condenser recharged and shocked several employees, including his wife.
After tossing the condenser to a number of employees, the defendant claims he tossed it to the plaintiff whereupon he turned and it hit him on the back of the neck. The plaintiff’s testimony, however, differs in that he maintains the defendant “... slipped up beside me and stuck this condenser or one like it to the back of my head.” Irrespective of which version of the story is correct, we find that defendant neither desired to bring about the injury to plaintiff nor knew that the injury was substantially certain to result from what he did. From the record, it is evident that the defendant tossed the condenser as a practical joke intending to shock, but not injure, the plaintiff. We, therefore, agree with the trial judge and adopt a portion of his well-written reasons for judgment:
“... it is the conclusion of the Court that although defendant intended to shock the plaintiff, he did not intend to injure him *148 beyond the unpleasant, momentary jolt he himself had experience [sic] when shocked and which he had observed others experiencing before defendant. As defendant neither consciously desired the injury to plaintiff nor was aware that injury was substantially certain to follow from his conduct, his act was not intentional under the provisions of La.R.S. 23:1032, and accordingly, plaintiffs exclusive remedy is for workman’s compensation benefits.”
For the above and foregoing reasons the judgment of the district court dismissing plaintiffs suit is affirmed at plaintiff-appellant’s costs.
AFFIRMED.

. The automobile condenser introduced in evidence was a one-and-one-quarter inch long solid-bodied cylinder with a protruding wire on one end containing a two-pronged metal connecting piece.