GAUDIN, Judge.
This is an appeal from the granting of a partial summary judgment dismissing tort claims filed by the surviving widow and children of a passenger (Donnie McAvoy) killed in a seaplane crash. We affirm.
McAvoy and a fellow employee, Curtis W. Smith, a pilot, were authorized by their employer, Data Chem, Inc., to rent a Cessna 180 seaplane and to call on inland water clients.
Attempting to fly to Lafitte, Louisiana, the seaplane crashed, killing McAvoy and Smith. A toxicology report on Smith indicates that the pilot’s blood/alcohol level exceeded legal limits.
In granting the motion for partial summary judgment, the trial judge concluded that the provisions of LSA-R.S. 23:1032 limited petitioners to workmen’s compensation benefits inasmuch as (1) there was no intentional tort and (2) both McAvoy and Smith were within the course and scope of their employment when the accident occurred. The fact that the pilot was intoxi *131 cated does not lessen the employer’s immunity protection under R.S. 23:1032, as the trial judge rightly found.
Appellants argue that LSA-R.S. 23:1081 provides, in part, that an employee’s intoxication at the time of an accident places the event outside “course and scope.” However, the possible availability of an affirmative defense to a worker’s claim does not detract from an employer’s statutory immunity.
We find the language of R.S. 23:1032 controlling and therefore affirm the judgment rendered in the district court on April 2, 1986. We have not been provided with any jurisprudence substantiating appellants’ legal or procedural position and we are unaware of any.
Appellants are to bear costs of this appeal.
AFFIRMED.