512 So.2d 389 (1987)
Ruben H. CAUDLE
v.
Peter BETTS, et al.
No. 87-C-0445.
Supreme Court of Louisiana.
September 9, 1987.
Rehearing Denied October 8, 1987.
Bernard Kramer, Alexandria, for applicant.
De Witt T. Methvin, Jr., Gist, Methvin, Hughes & Munsterman, Alexandria, for respondent.
DENNIS, Justice.
This personal injury case presents the issues of whether an electrical shock administered to a worker by his employer's chief executive officer as a practical joke constitutes an intentional tort, and if so, whether the employee may recover damages for the unintended and unforeseeable impairment of his occipital nerve which resulted from the intentional tort. The trial court found that an intentional tort had not been committed because no injury was intended, held that the employee's exclusive *390 remedy was in worker's compensation, and dismissed the damage suit. The court of appeal affirmed for the same reasons. We reverse. A harmful or offensive contact with a person, resulting from an act intended to cause him to suffer such a contact, is a battery. A defendant's liability for the harm resulting from a battery extends to consequences which the defendant did not intend and could not reasonably have foreseen.
Plaintiff, Ruben Caudle, was employed as a salesman at Betts Lincoln-Mercury in Alexandria, Louisiana. An office Christmas party was planned for the afternoon of December 23, 1983. Shortly before the party some of the employees engaged in horseplay with an electric automobile condenser. They discovered that the condenser could be charged by touching one end to a car's sparkplug wire and turning the engine over. Once charged, the condenser would deliver a slight electric shock when touched at both ends. Several employees played catch with the charged condenser. Peter Betts, the president and principal shareholder of the dealership, joined in the activity. Although the facts were disputed, the trial court found that Betts shocked the back of Caudle's neck with the charged condenser and chased Caudle with it until he escaped by locking himself in an office.
Caudle testified that following the incident he developed a headache and left the party early. In the following months Caudle had frequent and severe headaches and passed out thirty to forty times. Conservative treatment in the form of nerve blocking shots was ineffective in permanently correcting these problems. Surgery severing the occipital nerve, performed on July 23, 1984, finally alleviated plaintiff's headaches and fainting spells. The only residual effect of the surgery is a slight numbness on the right side of plaintiff's head.
Caudle filed suit against Betts individually and against Betts Lincoln-Mercury, Inc. seeking damages for past pain and suffering, lost motion and enjoyment of life, past medical expenses, loss of earnings, and future damages for the permanent paralysis in his right scalp. After a bench trial, the district court found that Mr. Betts intended to shock Mr. Caudle but did not intend to injure him beyond a momentary, unpleasant jolt. The district court dismissed the plaintiff's suit and the court of appeal affirmed, 502 So.2d 146.
The Louisiana Worker's Compensation Act provides for compensation if an employee receives personal injury by accident arising out of and in the course of his employment. La.R.S. 23:1031. As a general rule, the rights and remedies granted to an employee therein are exclusive of all rights and remedies against his employer, any officer or principal of the employer, or any co-employee. La.R.S. 23:1032.[1] However, an exception to this rule provides that nothing therein shall affect the liability of an employer, principal, officer, or co-employee resulting from an "intentional act". Id.
In interpreting the statute, this court has held that compensation shall be an employee's exclusive remedy against his employer for an unintentional injury covered by the act, but that nothing shall prevent an employee from recovering from his employer under general law for an intentional tort. Bazley v. Tortorich, 397 So.2d 475 (La. 1981). We concluded that in drawing a line between intentional and unintentional acts *391 the legislative aim was to make use of the well established division between intentional torts and negligence. Id. at 480.
In Bazley this court briefly explained the basic difference between an intentional tort and a negligent act but did not profess to set forth a complete exposition of either branch of tort law. Intentional tort law encompasses far more than could be explicated reasonably in a single opinion. See, e.g., Restatement (Second) of Torts, American Law Institute § 1-48 (1965); W. Prosser and W. Keeton, The Law of Torts, § 8-12 (5th ed. 1984); F. Harper and F. James, The Law of Torts, § 3.1-3.9 (2nd ed. 1986), and, generally, Louisiana Digest Titles, Assault & Battery, False Imprisonment. Consequently, when an employee seeks to recover from his employer for an intentional tort, a court must apply the legal precepts of general tort law related to the particular intentional tort alleged in order to determine whether he has proved his cause of action and damages recoverable thereunder.
The present case is one in which the plaintiff employee sought to recover damages as the result of an intentional tort, a battery committed upon him by his employer's principal owner and chief executive officer. The trial court found that the chief executive had intentionally shocked the employee with an auto condenser as a practical joke without the employee's consent or approval but that the serious injury to the employee's occipital nerve which resulted was neither foreseeable nor intentional. From this the trial court concluded that no intentional tort occurred, and the court of appeal affirmed its judgment. Consequently, in reviewing those rulings we must decide whether a battery was committed and, if so, whether damages are recoverable under battery for the unintended and unforseeable occipital nerve injury.
A harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, is a battery. Cage v. Wood, 484 So.2d 850 (La.App. 1st Cir.1986); Ross v. Sheriff of Lafourche Parish, 479 So.2d 506 (La.App. 1st Cir.1985); Vascocu v. Singletary, 404 So.2d 301 (La.App. 3d Cir.1981); Ashland Oil, Inc. v. Miller Oil Purchasing Co., 678 F.2d 1293 (5th Cir.1982); Restatement (Second) of Torts, American Law Institute § 13 (1965); F. Stone, Louisiana Civil Law Treatise, Tort Doctrine § 124-130 (1977); W. Prosser and W. Keeton, The Law of Torts, § 9 (5th ed. 1984); F. Harper and F. James, The Law of Torts, § 3.1-3.3 (2nd ed. 1986). The intention need not be malicious nor need it be an intention to inflict actual damage. It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent. Karl J. Pizzalotto, M.D., Ltd. v. Wilson, 437 So.2d 859 (La.1983); Coppage v. Gamble, 324 So.2d 21 (La.App. 2d Cir. 1975); F. Stone, Louisiana Civil Law Treatise, Tort Doctrine, § 125-127 (1977); F. Harper and F. James, The Law of Torts, § 3.3 (2nd ed. 1986).
The original purpose of the courts in providing the action for battery undoubtedly was to keep the peace by affording a substitute for private retribution. F. Stone, Louisiana Civil Law Treatise, Tort Doctrine, § 125 (1977). The element of personal indignity involved always has been given considerable weight. Consequently, the defendant is liable not only for contacts that do actual physical harm, but also for those relatively trivial ones which are merely offensive and insulting. W. Prosser and W. Keeton, The Law of Torts, § 9 (5th ed. 1984); Harrigan v. Rosich, 173 So.2d 880 (La.App. 4th Cir.1965).
The intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm. Restatement (Second) of Torts, American Law Institute § 13, (comment e) (1965). Rather it is an intent to bring about a result which will invade the interests of another in a way that the law forbids. The defendant may be liable although intending nothing more than a good-natured practical joke, or honestly believing that the act would not injure the plaintiff, or even though seeking the plaintiff's own good. W. Prosser and W. Keeton, The Law of Torts, § 9 (5th ed. 1984); see Newman v. Christensen, 149 Neb. 471, 31 N.W.2d 417 (1948); Keel v. *392 Hainline, 331 P.2d 397 (Okla.1958); Garratt v. Dailey, 49 Wash.2d 499, 304 P.2d 681 (1956); Pachucki v. Republic Ins. Co., 278 Wis.2d 703, 278 N.W.2d 898 (1979); and Lambertson v. United States, 528 F.2d 441 (2nd Cir.1976).
Bodily harm is generally considered to be any physical impairment of the condition of a person's body, or physical pain or illness. Restatement (Second) of Torts, American Law Institute § 15 (1965). The defendant's liability for the resulting harm extends, as in most other cases of intentional torts, to consequences which the defendant did not intend, and could not reasonably have foreseen, upon the obvious basis that it is better for unexpected losses to fall upon the intentional wrongdoer than upon the innocent victim. W. Prosser and W. Keeton, The Law of Torts, § 9 (5th ed. 1984); Restatement (Second) of Torts, American Law Institute § 16, n. 22 (1965); F. Harper and F. James, The Law of Torts, § 3.3, n. 32, 33 (2nd ed. 1986).
Applying these precepts to the facts found and affirmed by the lower courts, we conclude that the plaintiff employee proved that a battery had been committed on him by another employee and that he is entitled to recover for all injuries resulting therefrom including his occipital nerve impairment. It is undisputed that when Mr. Betts shocked the employee, Mr. Caudle, with the condenser, he intended the contact to be offensive and at least slightly painful or harmful. The fact that he did so as a practical joke and did not intend to inflict actual damage does not render him immune from liability. Further, as between the innocent employee victim and the wrongdoer, it is better for unexpected losses to fall upon the intentional wrongdoer. Mr. Caudle is entitled to recover for all consequences of the battery, even those that Mr. Betts did not intend and could not reasonably have foreseen.
Because the trial and appeals courts mistakenly concluded that an intentional tort had not been committed, they did not consider or award damages to the plaintiff. Consequently, the judgments below are reversed and the case is remanded to the court of appeal for further proceedings consistent with this opinion. Because we have received a copy of an order of the bankruptcy court indicating that one of the parties herein has filed a petition in bankruptcy, however, the court of appeal is instructed that upon receiving this case on remand it shall comply with 11 U.S.C. § 362(a) by staying any proceedings provided for therein.
REVERSED AND REMANDED TO THE COURT OF APPEAL WITH INSTRUCTIONS.
NOTES
[1] "The rights and remedies herein granted to an employee ... on account of an injury ..., shall be exclusive of all other rights and remedies ... against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal ...

"Nothing in this chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
"The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."