GAUDIN, Judge.
This is an appeal from the granting of a motion for summary judgment dismissing a third party defendant. We affirm.
The original petition was filed in the 24th Judicial District Court by Jimmy Barber against Paul Lamarca, contending that:
“On or about April 5, 1985, defendant entered the piace of business of petitioner for the purpose of collecting on a loan owed him and suddenly and without provocation, said defendant, Paul Lamar-ca attacked and beat petitioner, meanwhile cursing and threatening petitioner.
“As a consequence of said unlawful, unprovoked and vicious assault and beating inflicted upon petitioner by said defendant, Paul Lamarca petitioner was forced to seek medical aid and sustained severe bodily injuries.”
Lamarca answered, generally denying Barber’s allegations. In the same pleading, Lamarca named General Agents Insurance Company of America, Inc. as a third party defendant. Lamarca contended that he was entitled to coverage and a defense.
General Agents denied Lamarca’s claims and then filed a motion for summary judgment. The motion states that General Agents’ garage liability policy did not insure against criminal conduct.
According to the policy, which is in the record, the insurance company is obligated to pay damages “... caused by an occurrence and arising out of garage operations.” The policy describes “garage operations” as follows:
“Garage operations means the ownership, maintenance or use of the premises for the purposes of a garage and all operations necessary or incidental thereto.”
Lamarca, who conducted a used car business on Jefferson Highway in Harahan, Louisiana, had gone to Barber’s residence to collect monies owed to him by Barber. The physical encounter then occurred.
In an apparent attempt to bring this incident within the scope of Lamarca’s policy, an amended petition was filed by Barber in which he said:
"... Paul Lamarca did not expect or intend the injuries which resulted to Jimmy Barber in the course of the altercation at issue herein.
“The altercation at issue herein started when Paul Lamarca approached Jimmy Barber to discuss or collect a debt that Paul Lamarca believed was due to him from Jimmy Barber arising out of Paul Lamarca’s ownership and operation of Paul’s Auto Sales.”
The trial judge was not impressed by the add-on pleadings. In granting summary judgment, the district judge assigned these reasons:
“The Court finds the plaintiff is seeking to recover damages for injuries allegedly sustained as the result of the intentional acts of the defendant, Paul Lamarca. Caudle v. Betts, 512 So.2d 389 (La.1987). *666 The policy excludes coverage for the intentional acts of the defendant; therefore, mover is entitled to judgment as a matter of law.”
While an insured’s obligation to defend damage suits is broader than its liability for claims and while allegations in the pleadings are liberally interpreted in favor of possible coverage, we cannot say that the trial judge erred in this case. Lamar-ca's policy excludes from coverage an assault and battery that took place in Barber’s residence even though Lamarca did not intend to injure Barber as seriously as it is alleged he did. Nowhere in the record is there a suggestion that Barber was the aggressor-instigator or that Lamarca acted in self-defense.
We hold, as did the trial judge, that a policy of insurance covering used car and garage operations is inapplicable if the person to whom the policy was issued intentionally assaults and batters another person away from the covered premises for reasons not directly related to or arising from the used car and/or garage business.
There are no meaningful issues of fact or law here. Summary judgment was procedurally proper. Lamarca is to bear costs of this appeal.
AFFIRMED.