557 So.2d 1024 (1990)
Mrs. Doris Jackson HOLMES, et al.
v.
J. POTTHARST, Jr., et al.
No. 89-CA-0920.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1990.
Sidney L. Shushan, Barry E. Pike, Guste, Barnett & Shushan, New Orleans, for *1025 plaintiffs-appellants Mrs. Doris Jackson Holmes, et al.
Lawrence J. Ernst, Charles M. Lanier, Jr., Christovich & Kearney, New Orleans, for defendants-appellees J. Pottharst, Jr., et al.
SCHOTT, C.J., and KLEES and ARMSTRONG, JJ.
KLEES, Judge.
Plaintiff Doris Jackson Holmes appeals the district court's dismissal of her suit on a motion for summary judgment. We reverse.
Plaintiff filed this action in 1981 against the Mechanical Equipment Company, Inc. [hereinafter "MECO"] and several of its officers and employees alleging that her husband, Lem Holmes, had died from silicosis he contracted on account of his work as a sandblaster for MECO. Because of the exclusivity provision of the worker's compensation statute, plaintiff's action against MECO can only succeed if she proves that her husband's silicosis was the result of an intentional act committed by officers or agents of MECO. L.S.A.-R.S. 23:1032; Fabre v. Kaiser Aluminum and Chemical Corp., 499 So.2d 1239, 1240 (La.App. 4th Cir.1986).
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Supreme Court clearly set forth the standard for proving that an employer has acted intentionally in injuring an employee so as to overcome the exclusivity provision of the worker's compensation statute. The Court held:
The meaning of "intent" is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.
Id. at 481.
Plaintiff does not argue that defendants consciously desired that her husband contract silicosis; rather, the issue is whether they knew that this result was "substantially certain" to follow from their conduct, as in the second part of the Bazley definition. In prior silicosis/asbestosis cases, we have held that to state a cause of action in intentional tort, it is sufficient if the plaintiff/ employee alleges that his employer has knowingly failed to provide him with adequate or necessary protective equipment with which to perform his job. Goodman v. Dixie Machine Welding and Metal Works, Inc., 467 So.2d 61, 64 (La.App. 4th Cir.1985); Quick v. Murphy Oil Co., 446 So.2d 775 (La.App. 4th Cir.1982); writ denied, 447 So.2d 1074 (La.1984). In the instant case, the issue is whether MECO was aware that the protective clothing it provided to sandblaster Lem Holmes was inadequate. Plaintiff claims that summary judgment was improper because there exists a genuine issue of material fact as to MECO'S knowledge on this point.
Plaintiff relies heavily on Caudle v. Betts, 512 So.2d 389 (La.1987), in which the Supreme Court held that any "offensive contact" resulting from an act intended by the employer to cause the employee to suffer such contact, may constitute an intentional tort. Caudle involved an employee who was injured at an office party when one of his superiors gave him an electrical shock intended as a practical joke. The Supreme Court found that the act could be considered an intentional tort even though the employer did not intend the contact to be actually harmful, as long as he knew it would be offensive. Id. at 392.
Because of its peculiar facts, we do not believe that Caudle should be applied broadly to the whole range of silicosis/asbestosis cases, as plaintiff urges. One key distinction is that the employee in Caudle clearly did not consent to the contact, whereas Lem Holmes did consent to work as a sandblaster, and therefore consented to at least some degree of contact with offensive particles.
Although we do not rely on Caudle, we nevertheless find that there exists a genuine issue of material fact with regard to MECO's intent as defined by Bazley v. Tortorich, supra.
*1026 The evidence concerning the type of protective clothing worn by sandblaster Lem Holmes is conflicting. In his deposition, Mr. Holmes stated that he wore a "cloth like" hood which came to the top of his chest. MECO foreman Alfred Baham testified that Holmes wore a hard metal hat with a "skirt" that hung down to the waist and a twenty-five foot air hose. He also stated that MECO bought new equipment as the technology improved. However, in an affidavit filed by plaintiff, Russell Jackson, a co-worker of Holmes, stated that the only protective equipment Holmes had was a welder's helmet, which did not have an air hose; that Holmes' foreman and boss "knew that the [sandblasting] tank was hazardous and that Holmes' equipment was inadequate"; that "everyone at MECO" knew that particles came up under the welder's helmet; and finally, that "everyone at MECO" knew Holmes should have had a one-piece protective suit and an air hose with a fresh air supply.
Although Russell Jackson's testimony is as yet unsubstantiated, it is also not completely refuted by the testimony of Alfred Baham, who could present no concrete evidence as to the actual clothing worn by Holmes or the degree of protection it provided. Under Louisiana law, summary judgment may not be used to dispense with a case that may be difficult to prove; rather, summary judgment is appropriate only when there is no genuine issue as to any material fact. Industrial Sand & Abrasives, Inc. v. Louisville & Nashville Railroad Co., et al., 427 So.2d 1152 (La.1983). In the instant case, Russell Jackson's affadavit raises a genuine issue as to whether Holmes' superiors knew that he was sandblasting while wearing inadequate protective clothing, which would be substantially certain to harm him. Therefore, the summary judgment was in error and the case should be brought to trial.
With regard to the dismissal of defendant Titine Pottharst, we find that although she was not an officer or director of MECO, she was also sued as the succession representative and heir of her late husband, John Pottharst, Jr., who had been an officer of MECO, and therefore should remain a defendant in this capacity. Accordingly, for the reasons stated, we reverse the decision of the district court which granted defendants' motion for summary judgment, and remand the matter to that court for trial.
REVERSED