PLOTKIN, Judge.
The sole issue in this appeal is whether the defendants Steven Gendusa, Percy Na-quin, and John Orr committed an intention *1081 al tort which resulted in injury to plaintiff Gregory Van Alton. Van Alton seeks reversal of the trial court’s judgment in favor of the defendants. We affirm.

Facts

Plaintiff Gregory Van Alton was injured during the early morning hours of March 28, 1982, in the course and scope of his employment as a maintenance engineer for the Hyatt Regency Hotel. The electricity had gone off earlier in the evening, but Van Alton had been unable to restore power to the hotel’s air conditioning system. Accordingly, Van Alton summoned his supervisor, defendant Steve Gendusa, who was the chief engineer at the hotel. Gen-dusa had been to a crawfish boil hosted by a co-worker earlier that evening.
When Gendusa arrived at the hotel, he decided to check the electrical current to one of the two panel boxes serving the air conditioning chillers. Accordingly, Gendu-sa de-energized one of the panels. He then handed a voltage meter to Van Alton to hold. When Gendusa placed the leads into the panel, the voltage meter exploded, injuring both Van Alton and Gendusa.
Van Alton subsequently filed suit against a number of defendants, including Gendusa and several other executive officers of the Hyatt: John Orr, general manager, and Percy Naquin, assistant chief engineer. On two occasions, the trial court has granted defendants’ motions for summary judgment. This Court reversed the lower court in both instances. After a full trial, the trial court dismissed plaintiff’s claim, finding that the plaintiff is barred from recovery in tort by the worker’s compensation exclusivity provision. Plaintiff appeals, alleging that his injuries occurred as a result of an intentional tort and that he is therefore entitled to recover in tort.

Intentional tort

Generally, under LSA-R.S. 23:1032 the exclusive cause of action for an employee injured during the normal course of employment is worker’s compensation. However, injuries resulting from the intentional tortious act of a co-worker are excluded from the exclusivity provision. Id.
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court interpreted LSA-R.S. 23:1032. The Court stated:
The meaning of “intent” is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus, intent has reference to the consequences of an act rather than to the act itself.
Id. at 481. Thus, the plaintiff must either prove that the defendants desired to inflict the injuries on the plaintiff or prove that the defendants were substantially certain the plaintiff’s injuries would be the result of their actions.
The plaintiff alleges that Gendusa knew the defendant would be injured as a result of Gendusa’s use of an inadequate voltage meter to test the electrical current. Also, plaintiff argues that Gendusa committed a battery upon the plaintiff by placing the voltage meter in plaintiff’s hand. In Caudle v. Betts, 512 So.2d 389 (La.1987), the Louisiana Supreme Court defined a battery as “[a] harmful or offensive contact with a person, resulting from an act intended to cause plaintiff to suffer such a contact.” In Caudle, an employee was intentionally shocked by a co-employee as a practical joke. There the shocking by the co-employee was held to be an intentional tort, and the employee was allowed to recover beyond workmen’s compensation.
In the instant case, there is no indication that Gendusa put the instrument in the plaintiff’s hand intending for it to affect the plaintiff in any physical manner. In Caudle, the tortfeasor knew the other employee would receive a shock but did not realize the extent of the damage he would cause. In this case, Gendusa did not intend to use the meter as a means of sending harmful electrical currents to the plaintiff. Thus, the trial court found that the plaintiff failed to present any evidence showing defendants either desired to injure the plaintiff or that the defendants knew that *1082 plaintiff’s injuries would result from the action of Gendusa.
Additionally, the plaintiff attempted to prove that Gendusa had a propensity to consume alcohol and that he was drinking the night of the accident. The plaintiff asks this court to draw a conclusion that the injuries were intentional based on that fact. We decline to do so for two reasons. First, the plaintiff failed to prove that Gen-dusa had in fact consumed alcohol that night. Second, even if the plaintiff had demonstrated that Gendusa had been drinking, no existing legislative and jurisprudential authority supports the plaintiffs argument that alcohol consumption by a co-employee should allow the plaintiff to circumvent the worker’s compensation scheme. In fact, in McAvoy v. Smith, 506 So.2d 130 (La.App. 5th Cir.1987), the Court held that a co-employee’s intoxication does not lessen the employer’s immunity protection under LSA-R.S. 23:1032. Therefore, this argument, like the first one, has no merit.
The plaintiff also argues that Gen-dusa’s cumulative misconduct evidences sufficient intent to constitute an intentional tort. He claims that Gendusa violated company policy when he came to work after consuming alcoholic beverages, when he opened the fuse box without authorization, and when he threw the wrong switch before attaching the voltage meter. The cumulative effect of these actions, Van Alton claims, triggered the explosion. Assuming all this to be true, we conclude that these acts only rise to the level of negligence or gross negligence, which is insufficient to constitute an intentional tort as defined by the Louisiana Supreme Court.
The plaintiff’s burden of proof in an intentional tort under the relevant Louisiana Supreme Court jurisprudence is extremely high. Until either the legislature or the supreme court changes the law in this area, we are constrained to follow the previous decisions. Here, the plaintiff proved, at most, that Gendusa was negligent or grossly negligent. However, negligence, even gross negligence, is simply insufficient to prove an intentional tort. Davis v. Southern Louisiana Insulations, 539 So.2d 922, 924 (La.App. 4th Cir.1989).
For the above and foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.