WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a suit for damages in tort under the intentional act exception to the exclusive remedy provisions of the Louisiana Worker’s Compensation Act. Plaintiff, Raymond Pickney, Jr., suffered injuries when the walls of a sewer line trench caved in upon him while working for defendant, Dwight Smith. Fire & Casualty Insurance Company was the liability insurance carrier for defendant Smith. A jury returned a verdict for defendants. Plaintiff appeals.
The Louisiana Worker’s Compensation Act provides for compensation if an employee receives personal injury arising out of and in the course of his employment. La.R.S. 23:1031. As a general rule, the rights and remedies granted to an employee therein are exclusive of all rights and remedies against his employer, any officer or principal of the employer, or any co-employee. La.R.S. 23:1032. However, an exception to this rule provides that nothing therein shall affect the liability of an employer, principal, officer, or co-employee resulting from an “intentional act.” Id.
THE EXCEPTION OF NO CAUSE OF ACTION
Defendants filed a peremptory exception of no cause of action based on plaintiff’s failure to allege a traditional intentional tort. The trial judge overruled the exception. Defendants have refiled the exception in this court, and it was referred to this panel for decision.
In interpreting La.R.S. 23:1032, the Louisiana Supreme Court held in Bazley v. Tortorich, 397 So.2d 475 (La.1981) as follows:
For these reasons, we construe the legislation under review as providing that the exclusive remedy rule shall be inapplicable to intentional torts or offenses. The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did. Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case.
Citations omitted.
Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result.
In Breland v. Schilling, 550 So.2d 609 (La.1989) at page 611 our Supreme Court further explained:
In Bazley v. Tortorich, 397 So.2d 475, 480-81 (La.1981), this Court addressed the meaning of this statute’s “intentional act” language, opining that the statute’s “intentional act” exception mirrored the traditional distinction between intentional torts and negligence in common law. Id. at 480. The Court emphasized that in both the criminal and tort fields, “intent” refers to the consequences of the act, rather than to the act itself. Citing to Prosser and the Restatement (Second) of Torts, the Court held:
The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.... If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result.
Bazley, 397 So.2d at 482. Bazley thus instructs that the tort-based intent standard should determine whether an act is intentional under R.S. 23:1032.
This tort-based standard exposes the actor to liability for injuries he did not in fact specifically envision or desire to produce. Thus, in Caudle v. Betts, 512 So.2d 389, 392 (La.1987), when a company officer administered an electric shock to a worker, intending to play a good- *1197 natured practical joke, yet nonetheless producing serious injury to the victim, we held the actor liable for all consequences flowing from his act. “The defendant’s liability (under R.S. 23:1032) for the resulting harm extends ... to consequences which the defendant did not intend, and could not reasonably have foreseen_” Caudle, 512 So.2d at 392.
In Dycus v. Martin Marietta Corporation, 568 So.2d 592 (La.App. 4 Cir.1990), writ denied, 571 So.2d 649 (La.1990), the court states, “The Louisiana Supreme Court has kept the “substantial certainty” test within strict bounds by requiring plaintiffs to allege a specific intentional tort.” The Dycus court further states:
“Although the court has not abandoned the Bazley “substantially certain” test, Caudle indicates that the test will be applied only to acts which can be classified as traditional torts—such as battery, assault, false imprisonment, etc.”
Under these cases, defendants argue plaintiff must allege one of the traditional intentional torts recognized by the common law, and that the “substantially certain” test will not be applied unless plaintiff has first alleged such a tort.
We do not agree that our Supreme Court in Bazley, Caudle or Breland requires plaintiff to allege a traditional intentional tort such as battery, assault, etc. Certainly these Supreme Court cases do not expressly make such a requirement. In Dy-cus, the Fourth Circuit states Caudle “indicates” such a requirement. However we respectfully disagree. In the above quote from Breland our Supreme Court expressly states in the disjunctive that the act is intentional if “the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.”
In the present case plaintiff did not allege a traditional intentional tort. Relevant to the exception of no cause of action are the following from plaintiffs petition:
“That the said accident and the personal injuries suffered by your petitioner in the cave-in as aforesaid was caused directly and proximately by the negligence of the defendant, DUANE SMITH [sic], who knowingly and intentionally committed the following acts of negligence, to-wit:
(a) Defendant inspected the trench shortly before the cave-in occurred and knew or should have known that the dirt walls were not shored up, as they should have been, and that said dirt walls were likely to cave-in and bury the workers at the bottom of the trench;
(b) Defendant knew and could easily have foreseen that with [sic] proper shoring the dirt walls of the said trench, being approximately 18 feet high, would collapse and cave-in on the workers standing and working on the floor of the trench;”
These allegations are sufficient that if accepted as true, as we must for purposes of the exception, Smith knew the unshored dirt walls would cave in and bury the workers in the trench. This satisfies the “substantially certain” test of Bazley, Caudle and Breland. Accordingly, the exception of no cause of action is overruled.
ON THE MERITS
After hearing the evidence and arguments of counsel, the jury found defendant did not subjectively intend the injury to befall plaintiff, nor did defendant consciously desire to bring about the physical result of his act. Plaintiff does not object to these findings. The jury also found defendant did not know nor should have known the injury was substantially certain to follow from his conduct. As a result the jury returned a verdict for defendants.
On appeal, plaintiff contends that in light of the preponderance of the evidence, the jury was clearly wrong in finding defendant Dwight Smith did not know nor must have known that injury was substantially certain to result if he persisted in his conduct. Plaintiff argues the jury erred in failing to take any time to deliberate, discuss among themselves, and to understand the legal distinction of an intentional act. *1198 The jury took only fifteen minutes to return its verdict.
In Louisiana, courts of appeal have jurisdiction to review facts in civil cases. However, the appellate court should not disturb a jury’s finding of fact unless it is clearly wrong. Appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record established that the finding is not clearly wrong (manifestly erroneous). Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
After reviewing the record, it is the opinion of this court that the jury’s finding was not clearly wrong. Plaintiff alleged that defendant’s failure to shore or slope the trench by available means violated a duty under OSHA regulations to safeguard the life and safety of his subordinate co-employees. Again, it is not enough that defendant may have been negligent in shoring or sloping the trench. To meet the intentional act exception defendant must have subjectively intended to cause the cave-in, or defendant must have been substantially certain that plaintiff’s injury would follow from defendant’s failure to shore or slope the trench walls.
It is uncontroverted that defendant Smith inspected the job site on October 17, 1985, one day before the accident occurred. The trench at that time was approximately 300 or 400 feet south of where the collapse occurred. The trench walls were not shored or supported, but there was some slope to the sides. However, there is conflicting testimony as to the degree of slope. Defendant Smith and two of his foremen testified the trench was 18 to 20 feet wide at the top. Raymond Pickney, Sr., the plaintiff’s father and co-worker, testified “it would slope a little bit, but not that much.” Other witnesses indicated the trench was not as wide as 18 to 20 feet at the top, but no conclusive width was determined.
Plaintiff presented a safety expert who concluded that defendant had willfully violated industry safety practices and standards for trenching as well as OSHA standards. Defendant called a soil expert who classified the type of soil in the area of the accident as hard and compact, which under the OSHA regulations requires a lesser degree of slope to be considered safe. Plaintiff insisted the soil was not hard and compact, but average and thus requiring a greater degree of slope. However, plaintiff did not have his own soil expert.
Questions of fact and credibility are left to the jury, and its findings should not be disturbed unless they are manifestly erroneous. After reviewing the record, we cannot say the jury was clearly wrong in its verdict for defendants.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Raymond Pickney, Jr., appellant.
AFFIRMED.