# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-356


LILLIE CRAFT

VERSUS

WAL-MART STORES, INC.
AND PAUL BRUNER


************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT,
PARISH OF BEAUREGARD, NO. 99-347,
HONORABLE HERMAN I. STEWART, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**REVERSED AND REMANDED.**

John E. Jackson
Attorney at Law
Post Office Box 1239
Lake Charles, Louisiana 70602
(337) 433-8866
Counsel for Plaintiff/Appellant:
    Lillie M. Craft

Philip A. Fontenot
Davidson, Meaux, Sonnier & McElligott
Post Office Drawer 2908
Lafayette, Louisiana 70502-2908
(337) 237-1660
Counsel for Defendant/Appellee:
    Paul Bruner

SULLIVAN, Judge.

Lillie Craft appeals from a summary judgment dismissing her intentional tort suit against a former co-employee, Paul Bruner. For the following reasons, we reverse and remand.

**Facts and Procedural History**

Ms. Craft sued her former employer, Wal-Mart Stores, Inc. (Wal-Mart), Mr. Bruner, and his homeowner's insurer, State Farm Fire and Casualty Company (State Farm), alleging that on August 17, 1998, Mr. Bruner intentionally pushed her from behind at work, resulting in serious injuries to her neck that required a double cervical fusion. In a previous opinion, this court affirmed summary judgment dismissing Wal-Mart and State Farm, but we reversed and remanded as to Mr. Bruner. *Craft v. Wal-Mart Stores, Inc.,* 01-564 (La.App. 3 Cir. 10/31/01), 799 So.2d 1211, *writ denied*, 02-132 (La. 3/22/02), 811 So.2d 933. In that opinion, without deciding whether or not Mr. Bruner committed an intentional tort, we found there was no genuine issue of material fact that Wal-Mart would not be vicariously liable for his conduct because it did not occur "within the ambit of his assigned duties and also in furtherance of his employer's objective." *Id.* at 1214 (quoting *Scott v. Commercial Union Ins. Co.*, 415 So.2d 327, 329 (La.App. 2 Cir. 1982)). We also found that State Farm's homeowner's policy did not provide coverage for Mr. Bruner's actions, whether or not they rose to the level of an intentional tort. As to Mr. Bruner, we found that the trial court erred in including him in the dismissal when he did not file for summary judgment on his behalf.[1] On remand, the trial court

---

[1]The trial court's initial ruling on summary judgment was based upon its conclusion that Mr. Bruner's actions did not amount to an intentional tort. After the trial court announced this ruling, Plaintiff's counsel stipulated that "the law that applies to Wal-Mart would apply to Mr. Bruner in this matter," and Mr. Bruner was then included in the judgment of dismissal. That stipulation was not in the prior record on appeal, hence our reversal as to Mr. Bruner. However, our previous opinion was based upon a different point of law, i.e., whether Wal-Mart faced vicarious

again granted summary judgment in favor of Mr. Bruner.  This is the judgment that Ms. Craft now appeals.

In her deposition, Ms. Craft testified that she was on her way to punch out for lunch when Mr. Bruner struck her in the middle of her back just as she raised her arm to open a swinging door.  She said that she immediately felt pain in her shoulder that shot to her head.  According to Ms. Craft, she told Mr. Bruner, "Paul, that hurt," but he responded, while laughing, "Move out of my way," and "I didn't hit you very hard.  Toughen up."  Although Ms. Craft believed that Mr. Bruner intended to hit her, she did not believe that he wanted to hurt her, as they hardly knew each other and there was no "bad blood" between them.

In a written statement after the accident, Mr. Bruner wrote:  "She was blocking the door entrance.  I push her slightly on the back center on her back not to hurt her.  When I am in her way she push me so I pushed her.  She was purposely blocking the door entrance."  In his deposition, however, he denied that he was trying to push her, testifying that when Ms. Craft suddenly stepped in front of him, he put one hand around her shoulder and the other hand around "the small of her back around the other shoulder" so that he would not fall on her.  He denied that he was laughing, and he said that he apologized.  Mr. Bruner, who was on his way to clock in after a break, also stated that he was often "rushing when I would go to the back or rushing when I would come back.  It's just part of me."  He said that after this incident he "got real slow."

---

liability for Mr. Bruner's actions.

After the first hearing on summary judgment, the trial court issued written reasons finding that the injury was unintentional and accidental in that Mr. Bruner "meant plaintiff no harm or injury, nor did he intend it to be offensive."

In this appeal, Ms. Craft argues that the trial court erred in requiring that Mr. Bruner intended to cause harm or injury or intended for his actions to be offensive and in making a judicial determination as to Mr. Bruner's intent on summary judgment.

**Opinion**

Appellate courts review summary judgments *de novo*, using the same criteria that trial courts apply in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). Accordingly, we must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

The threshold question in reviewing a summary judgment is whether a genuine issue of material fact exists. *Belgard v. Am. Freightways, Inc.*, 99-1067 (La.App. 3 Cir. 12/29/99), 755 So.2d 982, *writ denied*, 00-293 (La. 3/31/00), 756 So.2d 1147. "Facts are material if they determine the outcome of the legal dispute. The determination of the materiality of a particular fact must be made in light of the relevant substantive law." *Id.* at 985 (footnote omitted).

If an employee is injured in the course and scope of his employment, his exclusive remedy is found in the Workers' Compensation Act, except that "[n]othing

3

in this Chapter [La.R.S. 23:1021-1415] shall affect the liability of the employer, . . . civil or criminal, resulting from an intentional act."  La.R.S. 23:1032(B).

In *Caudle v. Betts*, 512 So.2d 389, 391 (La.1987) (citations omitted) (emphasis added), the supreme court discussed the element of intent for the tort of battery as follows:

> A harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact, is a battery. The intention need not be malicious nor need it be an intention to inflict actual damage.  *It is sufficient if the actor intends to inflict either a harmful or offensive contact without the other's consent.*
>
> . . . .
>
> The intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm.  Rather *it is an intent to bring about a result which will invade the interests of another in a way that the law forbids.*  The defendant may be liable although intending nothing more than a good-natured practical joke, or honestly believing that the act would not injure the plaintiff, or *even though seeking the plaintiff's own good.*

In *Caudle*, the employer shocked an employee with an electrical device as a practical joke, which resulted in unforeseen damage to the employee's occipital nerve.  The lower courts found that an intentional tort did not occur because the employer did not intend an injury, but the supreme court reversed, finding that the employer was not immune from liability, even though the contact was made jokingly and without intent to inflict actual damage.

In *Allen v. Payne & Keller Co., Inc.*, 96-2326 (La.App. 1 Cir. 4/8/98), 710 So.2d 1138, *writ denied*, 98-1821 (La. 10/16/98), 726 So.2d 908, a co-employee intentionally "bumped" the plaintiff in the buttocks while the plaintiff was bending over, causing him to fall and strike his head.  Applying *Caudle*, 512 So.2d 389, the

4

court found error in the dismissal of the plaintiff's suit against the co-employee, stating:

> Therefore, by [the co-employee's] own testimony, he intended the contact. Although he may not have had malicious intent, the contact did occur, irrespective of his playful nature. Furthermore, from [the co-employee's] testimony, it is evident [the plaintiff] did not consent to the contact since he was stooped over and was not engaged in horseplay . . . . In addition, [the co-employee] hit him from behind.

*Allen,* 710 So.2d at 1141.

In the present case, Ms. Craft described being struck from behind by what she thought was an open palm in the center of her back. In his written statement, Mr. Bruner first said that he pushed her slightly on the center of her back as she blocked the doorway, but in his deposition he stated that he put his hands around her shoulders to prevent him from falling on her when she walked in front of him. Mr. Bruner argues that he did not commit a battery because his contact with Ms. Craft was neither harmful nor offensive. However, Mr. Bruner's written statement is consistent with Ms. Craft's deposition that he intentionally pushed her because she was blocking the doorway. We find that his statement, when read with Ms. Craft's deposition, supports a conclusion that Mr. Bruner intended to "invade the interests of another in a way that the law forbids." *Caudle*, 512 So.2d at 391. Although summary judgment is now favored, as stated in La.Code Civ.P. art. 966(A)(2), it is still seldom appropriate when there is a question relating to subjective facts such as intent. *See Conques v. Wal-Mart Stores, Inc.*, 00-619 (La.App. 3 Cir. 2/14/01), 779 So.2d 1094, *writ denied*, 01-0715 (La. 4/20/01), 790 So.2d 643. Accordingly, we find that the trial court improperly granted summary judgment dismissing Mr. Bruner on this record.

5

**Decree**

For the above reasons, the judgment of the trial court is reversed at Defendant's cost, and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**