966 So.2d 1059 (2007)
Kellie JOHNSON
v.
Wayne BERGERON.
No. 07-CA-161.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 2007.
*1060 J. Courtney Wilson, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Panel composed of Judges THOMAS F. DALEY, GREG G. GUIDRY, and JAMES C. GULOTTA, Pro Tempore.
GREG G. GUIDRY, Judge.
The Plaintiff, Kellie Johnson, appeals from a judgment dismissing her suit for assault and battery filed against the Defendant, Wayne Bergeron. We affirm.
On November 10, 2004, the Plaintiff, a 47 year-old woman suffering from paranoid schizophrenia, was allegedly battered by the Defendant, his now deceased girlfriend, Cathy Mooney, and her granddaughter, Natasha Starkey. The attack caused bruises and scratches on the Plaintiff's arms and back. The matter was reported to the police by a neighbor, Danielle Casey. The Defendant was never questioned or arrested.
This lawsuit was filed in October of 2005. Following a trial in which the Plaintiff was absent, the trial judge found that the incident occurred and that the Plaintiff suffered injuries. However, he concluded that the Plaintiff failed to prove the identity of the person who struck her.
On appeal, the Plaintiff asserts that the trial judge erred in failing to find the Defendant battered the Plaintiff.
La.C.C. art. 2315 provides that a person may recover damages for injuries caused by a wrongful act of another. The fault concept includes the intentional tort of battery. Landry v. Bellanger, 02-1443, p. 6 (La.5/20/03), 851 So.2d 943, 949. Battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact . . ." Caudle v. Betts, 512 So.2d 389, 391 (La.1987); Landry, 02-1443 at 6, 851 So.2d at 954. The defendant's intention need not be malicious nor need it be an intention to inflict actual damage. Landry, 02-1443 at 6, 851 So.2d at 954. It is sufficient if the defendant intends to inflict either a harmful or offensive contact without the other's consent. Id.
In order to succeed on a battery claim, the Plaintiff must prove "all prima facie elements of the tort, including lack of consent to the invasive conduct." Landry, 02-1443 at 6, 851 So.2d at 954; Touchet v. Hampton, 06-1120, p. 4 (La.App. 3rd Cir.2/7/07), 950 So.2d 895, 898. The Defendant may then seek to prove lack of fault on the basis that his actions were privileged, or justified, as in self-defense. Landry, 02-1443 at 6, 851 So.2d at 954. These are fact questions subject to the manifest error standard of review by the appellate court. See: Robinson v. Dunn, 96-0341, p. 6 (La.App. 1st Cir.11/8/96), 683 So.2d 894, 897.
The Plaintiff did not testify at trial. Although she is not interdicted, her mother, Marion Johnson, manages her affairs. She claimed that the Plaintiff was incompetent to testify. Ms. Johnson produced a Power of Attorney given to her by the Plaintiff, and a doctor's note to support the claim. Ms. Johnson also presented a statement of the event that she wrote, but was signed by the Plaintiff. The trial judge found the Power of Attorney insufficient proof of incompetence in light of the absence of any other evidence, and excluded the doctor's note and written statement as hearsay.
The testimony shows that the Plaintiff lives alone in a trailer behind a house owned by her mother, and inhabited by the Plaintiff's nephew, Corey Johnson. At the time of this incident, the Defendant and Ms. Stuckey lived in the house next door.
The only evidence identifying the Defendant as the perpetrator was presented by *1061 Ms. Casey. Ms. Casey moved into the house across the street from the Plaintiff three months prior to the incident.[1] A hairdresser, Ms. Casey usually did not arrive home until after late evening. She did not know the Defendant or Ms. Starkey personally, but recognized them from the neighborhood.
On the evening in question, Ms. Casey left her house at around 5:30-5:45 p.m. to go to church. She claimed that, as she was leaving, she witnessed an altercation in the Plaintiff's yard involving the Plaintiff, the Defendant, Ms. Stucky, and Ms. Mooney. Ms. Casey said she watched the Defendant strike the Plaintiff with force several times on her back, while Ms. Mooney and Ms. Stuckey yelled at the Plaintiff and threw chairs around. The Plaintiff was bowed over and attempting to get to her trailer. Ms. Casey could not see if the Defendant's hand was open or closed.
The trailer is located in a wooded area, and some distance from Ms. Casey's house. Ms. Casey admitted that in the time she lived in the house, she had never seen the Defendant communicate with the Plaintiff, or act violently toward anyone.
Ms. Casey called the police and reported the incident. That officer did not make a report. Later that evening, she told Corey Johnson about the altercation. He notified the Plaintiff's mother. Mrs. Johnson came to the house and treated Plaintiff's scratches and abrasions. She did not take her to a physician. The next day, another police officer was dispatched to investigate the incident. He interviewed Ms. Johnson and wrote a report based on her version of the events. However, she admitted the report included details that had not been reported by Ms. Casey.
Ms. Casey and Ms. Johnson claimed they did not know each other, but Ms. Johnson later disclosed that Ms. Casey is her distant cousin. Ms. Johnson explained that she omitted the information because she did not see Ms. Casey often.
The Defendant denied battering the Plaintiff. He said that and his family had little contact with her because the Plaintiff's brother, Darwin Johnson, told him she was not sane. The Defendant said he also generally had no contact with the rest of the family. He only spoke to Corey when Corey's grass needed trimming. He claimed he did not know or recognize Ms. Casey, although he goes outside regularly, and remembered two other neighbors that had previously lived in the same house.
The Defendant testified that two adversarial incidents between the families occurred prior to this battery accusation. In the first, he accused Ms. Johnson's son of stealing electronic items from his house, based on another neighbor's information. The son had access to the house because he was supposedly watching it while the Defendant was out of town. In a second dispute, Ms. Johnson sued the Defendant after the Plaintiff sustained cat scratches from a cat that had been given to Ms. Starkey by the Plaintiff. Nevertheless, neither the Defendant nor Ms. Starkey believed that the Plaintiff was antagonistic toward them. They denied being hostile to the Johnson family despite the previous problems, although the Defendant was not happy with the controversies between the families.
Ms. Starkey testified that she lived with the Defendant and her grandmother from childhood. After her grandmother died, he became her guardian. She was 17 years old at the time of trial. Ms. Starkey testified that the Defendant was not violent, and that neither of them went onto the Johnsons' property, or communicated *1062 with them. She denied that she or any of her family attacked the Plaintiff.
The trial judge found that the evidence was not sufficient to prove that the Defendant attacked the Plaintiff. He questioned the claim due to the Plaintiff's failure to testify, the low lighting at that time of year, the wooded nature of the area the Plaintiff was injured in, the lack of police interest in the matter, and the Defendant's peaceful nature. After our review, we find no manifest error in this finding.
Accordingly, the judgment of the trial court is hereby affirmed. The costs of this appeal are to be paid by the Plaintiff.
AFFIRMED.
NOTES
[1] She moved out several months later.