# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2011

Lyle W. Cayce
Clerk

No. 10-30667
Summary Calendar

JAMES WESTERFIELD,

Plaintiff-Appellant,

versus

BRAND ENERGY SOLUTIONS, L.L.C.;
BRAND SERVICES, INCORPORATED; ABC INSURER,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:08-CV-174

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

James Westerfield sued his employer, Brand Energy Solutions, L.L.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30667

("Brand"), for injuries from a fall from scaffolding at a work site. The district court granted summary judgment to Brand under the Louisiana Workers' Compensation Act ("LWCA") because Westerfield could not show that Brand had committed an intentional tort. We find no error and affirm.

I.

Brand hired Westerfield to assist with disassembling the scaffolding on the roof of a worksite. The foreman told Westerfield to climb down the scaffolding legs, rather than using the ladder and safety clamps, because it was faster. Several hours later, Westerfield fell approximately twenty feet while attempting to climb down. The fall broke his ankle, cut his forehead, and caused abrasions on his arms. Although he protested that he should not be moved, the foreman instructed several employees to move him to a position near the foot of the ladder. One Brand employee testified that was "[t]o cover what really happened" and to make it look as though Westerfield had fallen from the ladder.

Westerfield sued Brand in state court, claiming that the foreman and other employees had committed an intentional tort and that Brand is vicariously liable for its employees' actions. The case was removed, whereupon Brand moved for summary judgment on the ground that Westerfield could not show the existence of an intentional tort and that the action was therefore barred by the LWCA. *See* La. Rev. Stat. § 23:1032. Westerfield failed to file a response within the deadline prescribed by local rule, so the court deemed the motion to be unopposed and granted summary judgment. Seven days later, Westerfield moved to amend under Federal Rule of Civil Procedure 59(e), attaching a response to the summary judgment motion with a number of exhibits as evidentiary support. The court denied the motion.

No. 10-30667

## II.

There are two possible standards for review of a motion to amend a ruling on summary judgment. The district court has discretion to review any new materials attached to the motion. *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). Thus, if the motion is denied because of a refusal to consider the new evidence, we apply the abuse-of-discretion standard. If the court considers the new evidence and still grants summary judgment, we must consider all the materials, and we review the summary judgment *de novo*.

The district court did not state the grounds on which it denied the motion to amend. That omission is insignificant, however, because even under the *de novo* standard and considering the new evidence, the summary judgment was proper.

"Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). To survive the motion, the non-movant must "go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *Id.* A genuine issue exists "when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Id.* "Summary judgment is appropriate, however, if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). We view "the evidence in a light most favorable to the non-movant." *Id.*

To avoid summary judgment, Westerfield must show a genuine issue of material fact about whether Brand committed an intentional tort. *See* La. Rev. Stat. § 23:1032. Westerfield argues that Brand committed an intentional tort when its employees moved Westerfield against his will while he was injured. Westerfield is correct that an actor commits a battery if he causes a "harmful or offensive contact" with another person "without the other's consent." *Caudle v.*

3

No. 10-30667

*Betts*, 512 So. 2d 389, 391 (La. 1987).  Unlike most common law jurisdictions, however, Louisiana––a civil law jurisdiction––"does not award nominal damages for the mere invasion of a right, no actual damage having resulted."[1]  To recover, Westerfield must therefore show that Brand's intentional tort caused damages.[2]

Westerfield cannot do so, because the evidence shows that all his injuries were caused by his fall, not by the employees who moved him.  He testified that "the extent of the injuries had already occurred" before the employees even touched him, and he could not say whether he was hurt further thereafter. Another employee testified that Westerfield was in pain when he was being moved but did not say whether the movement made the pain worse or was only a product of the fall.  Westerfield provided no other evidence of damages from the decision to move him, so he has not established a genuine issue of material fact, because no reasonable jury could find the existence of damages on the summary judgment record.

Accordingly, the summary judgment is AFFIRMED.

---

[1] 12 *La. Civ. L. Treatise, Tort Law* § 3:4 (2d ed. rev. 2010).

[2] *Caudle*, 512 So. 2d at 391 ("[W]hen an employee seeks to recover from his employer for an intentional tort, a court must apply the legal precepts of general tort law related to the particular intentional tort alleged in order to determine whether he has proved his cause of action *and damages recoverable thereunder*." (emphasis added)).